Rogelio GARZA GARCIA, Appellant,

v.

The STATE of Texas, Appellee.

13-88-644-CR.

Court of Appeals of Texas,
Corpus Christi.

March 22, 1990.

Juan Jose Martinez, Brownsville, for appellant.

Ben Euresti, Jr., County Crim. Dist. Atty., Brownsville, for appellee.

Before NYE, C.J., and KENNEDY and DORSEY, JJ.

## OPINION

NYE, Chief Justice.

A jury found appellant, Rogelio Garza Garcia, guilty of felony theft. *See* Tex.Penal Code Ann. § 31.03(e)(4)(A) (Vernon Supp.1990). The jury assessed punishment at 10 years' confinement in the Texas Department of Corrections. By one point of error, appellant asserts that the trial court erred in denying appellant's motion for directed verdict because the State failed to prove that the property described in the indictment had a value equal to or greater than $750. We affirm the judgment of the trial court.

Appellant was charged with shoplifting two video cassette recorders, a telephone, a television antenna, and three shirts from a K-Mart store. At trial, the store manager testified regarding the price of each item allegedly stolen. Appellant objected that the manager was testifying from a document not admitted into evidence and which contained the prices of the merchandise named in the indictment. The security guard who apprehended appellant also testified regarding the price of the merchandise. Appellant also objected to this testimony but did not receive a ruling on his objection. Appellant moved for a directed verdict at the end of the State's case-in-chief, alleging that the State had not met its burden of proof. Specifically, appellant stated that the State had not shown beyond a reasonable doubt and/or with competent witnesses that the items listed in the indictment had a value equal to or greater than $750 because the store manager "wasn't really sure about the value of the items."

■ Appellant failed to properly contest the evidence on value in the trial court because he did not make a timely and specific objection to the valuation the State presented for each item allegedly stolen. If the manner of proving an item's value does not meet with the approval of a defendant, it is incumbent upon him to voice his objection at the time of the introduction of the testimony. *Bullard v. State*, 533 S.W.2d 812, 815 (Tex.Crim.App.1976); *Turner v. State*, 486 S.W.2d 797, 799 (Tex. Crim.App.1972); *Barros v. State*, 661 S.W.2d 337, 340 (Tex.App.—Corpus Christi 1983, no pet.). Error presented on appeal will not be considered if it varies from the specific objections made during trial. *Thomas v. State*, 723 S.W.2d 696, 700 (Tex.

Crim.App.1986); *Vanderbilt v. State*, 629 S.W.2d 709, 721 (Tex.Crim.App.1981); *Baldonado v. State*, 745 S.W.2d 491, 496 (Tex.App.—Corpus Christi 1988, pet. ref'd); *Winslow v. State*, 742 S.W.2d 801, 804 (Tex.App.—Corpus Christi 1987, pet. ref'd). Appellant's objections were insufficient to inform the trial court and the prosecution that appellant was complaining about the method of proof of the value of the items. Accordingly, the trial court did not err in overruling the motion for directed verdict. Point of error number one is overruled. The judgment of the trial court is AFFIRMED.