Luera Jr. v. State 















IN THE
TENTH COURT OF APPEALS
 

No. 10-92-185-CR

     FRANCISCO LUERA, JR.,
                                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                                              Appellee
 

From the County Court at Law No. 2
Brazoria County, Texas
Trial Court # 68,866B
                                                                                                    

O P I N I O N
                                                                                                    

      Appellant was charged by information for the misdemeanor offense of theft, class "B." Trial
was had to a jury which found Appellant guilty of theft of one pair of jeans having the value of
twenty dollars or more but less than two hundred dollars. After a punishment hearing, the same
jury assessed Appellant's punishment at thirty days in jail and a $300 fine. After the punishment
verdict, the trial court granted Appellant probation of his punishment for twenty-four months,
from which Appellant makes this appeal upon two points of error.
      By his first point, Appellant asserts that the evidence is insufficient to prove beyond a
reasonable doubt the theft of a pair of jeans having the value of twenty dollars or more but less
than two hundred dollars.
      On Saturday, October 20, 1990, Amey Thompson was an employee working at the County
Seat, a clothing store located in the Brazos Mall in Brazoria County, Texas.
      The mall and store were crowded that particular Saturday; at 11:00 a.m., Amey Thompson
had done an inventory of the most valuable merchandise, which included Guess overalls, Guess
jeans, and Girbaud jeans. At 2:00 p.m. that day, she identified Appellant as having entered the
store and said she waited on him. Ms. Thompson testified that twenty to thirty minutes later
Appellant took a number of items from the rack and walked toward the front of the store. As he
walked by, she could see that he was carrying four pairs of overalls and one pair of jeans. 
Appellant then ran out of the store. Ms. Thompson later did another inventory and determined
that four pairs of Guess overalls, four pairs of Guess jeans, and two pairs of Girbaud jeans were
missing, and maybe one jacket was also missing.
      When testing the sufficiency of the evidence, the evidence is viewed in the light most
favorable to the finder of fact, and the reviewing court must determine whether any rational trier
of fact could have found the essential elements of the crime beyond a reasonable doubt. Jackson
v. Virginia, 443 U.S. 307, 319; 99 S.Ct. 2781; 61 L.Ed.2d 560 (1979). Also see Butler v. State,
(Tex. Crim. App. 1989) 769 S.W.2d 234, 239. This standard of review is applicable in both
direct evidence and circumstantial evidence cases. Geesa v. State, (Tex. Crim. App. 1991) 820
S.W.2d 154. There is no evidence in the record that the store contained jeans worth less than $20. 
With reference to the pair of jeans that Appellant was carrying out of the store, Ms. Thompson's
testimony was clear and undisputed that these jeans were valued at $60. There was no evidence
to contradict her testimony as to the value other than some allusion to the effect that the store
contained less expensive items. Conflict in the value of the jeans, if there was any, created a fact
issue for the jury's determination. The jury, by its guilty verdict, resolved this fact issue. Clark
v. State, (Tex. App.—Dallas 1984, pet. ref'd) 667 S.W.2d 906, 907.
      Appellant made no objection to the value of the jeans at the time of Ms. Thompson's
testimony nor did he make a specific objection to the value in his motion for an instructed verdict. 
      In summary, Appellant failed to properly contest the evidence or value of the jeans because
he did not make a timely and specific objection to the valuation the State presented. Garza Garcia
v. State, (Tex. App.—Corpus Christi 1990, no pet.) 787 S.W.2d 185; Esquivel v. State, (Tex.
Crim. App. 1980) 595 S.W.2d 516, 522. In other words, for Appellant to have preserved his
complaint for appellate review, he must have presented to the trial court a timely objection, stating
the specific grounds for the ruling he desired the court to make. This the appellant did not do. 
He therefore waived any error in this respect. We overrule Appellant's first point of error.
      By his second and final point of error, Appellant contends that the trial court erred in granting
Appellant probation under Art. 42.12 § 4(c) of the Texas Code of Criminal Procedure when
punishment was determined by the jury and no probation issue was submitted to the jury.
      Before trial commenced, Appellant filed both an application for probation and a defendant's
sworn statement in support of probation to the effect that he had never been convicted of a felony
in this or any other state, or the United States. The charge and jury verdict did not include an
issue regarding the granting or denial of probation because Appellant did not want it included. 
That is to say, Appellant did not want probation.
      Article 42.12 § 4(c), Texas Code of Criminal Procedure provides:
"(c) This section does not prohibit a court from granting probation in a case if the
jury in the case does not recommend probation."
      The crux of Appellant's argument is that the trial court had no authority to grant probation
under Art. 42.12 § 4(c) because no issue on probation was submitted to the jury and it made no
recommendation that probation be denied. We do not agree.
      After the punishment verdict, the record reflects that the trial court found that the ends of
justice and the best interests of society and of Appellant were served by granting Appellant
probation and found him entitled to probation and granted same.
      There is no requirement in Art. 42.12 § 4(c) that the jury make a negative finding regarding
probation.
      Our Court of Criminal Appeals in Kerry v. State, (Tex. Crim. App. 1970) 452 S.W.2d 480
at page 481, has held that in the absence of a recommendation by the verdict of the jury, the
question of whether an accused is entitled to the benefits of the adult probation law rests within
the discretion of the trial court and the decision is not appealable. (Citations)
      In the case at bar, there was an absence of a recommendation by the jury regarding probation;
therefore, we are of the opinion, and hold, that it was within the discretion of the trial court to
grant probation under this state of the record. Therefore, we overrule Appellant's second point
of error.
      Judgment of the trial court is affirmed.
 
                                                                                     JOHN A. JAMES, JR.
                                                                                     Justice (Retired)

Before Justice Cummings,
      Justice Vance, and
      Justice James (Retired)
Affirmed
Opinion delivered and filed April 21, 1993
Do not publish