George MOFF, Appellant,

v.

The STATE of Texas, Appellee.

No. 13-02-123-CR.

Court of Appeals of Texas,
Corpus Christi-Edinburg.

June 5, 2003.

Rehearing Overruled July 3, 2003.

Alan Clifton Gordon, Mike Hummell, Huseman & Pletcher, Corpus Christi, for appellant.

Carlos Valdez, Nueces County Dist. Atty., Corpus Christi, for State.

1. Former Justice Maurice Amidei assigned to this Court by the Chief Justice of the Supreme Court of Texas pursuant to TEX. GOV'T CODE ANN. § 74.003 (Vernon 1998).

Before Chief Justice VALDEZ and Justices RODRIGUEZ and AMIDEI.[1]

## OPINION

Opinion by Justice RODRIGUEZ.

Appellant George Moff brings this appeal following a conviction for theft by a public servant of property valued between $500.00 and $1,500.00. By three issues, appellant generally contends the evidence was legally insufficient to support: (1) appellant's conviction; (2) the fair market value of the stolen property; and (3) appellant's status as a public servant at the time of the theft. We affirm.

### I. FACTS

Appellant was hired as Chief Appraiser for the Nueces County Appraisal District (the District) in 1981 by the District's Board of Directors (the Board). After eighteen years of service, appellant resigned as chief appraiser in December 1999. Before he left, appellant paid the District $1,100.00 for property he had in his possession. The Board hired Ollie Grant to replace appellant as the chief appraiser.

In March 2000, Grant prepared an inventory of the District's property and found certain items missing. In April 2000, appellant met Grant at a local restaurant, and returned several items that belonged to the District.[2] Because of the discrepancy in the inventory and actions by appellant, the Nueces County District Attorney's office (D.A.) began a formal investigation. The D.A. contacted Texas Ranger Roberto Garza, Jr., to assist in the investigation of appellant. In June 2000,

2. These items included: (1) a thirty-five millimeter camera; (2) automotive battery charger; (3) a power washer; and (4) a drill and saw set.

appellant's attorney returned additional District items that had been in appellant's possession.[3] These items were returned to Ranger Garza.

In May 2001, appellant was indicted for third degree felony theft by a public servant of property valued between $1,500.00 and $20,000.00. *See* TEX. PEN.CODE ANN. §§ 31.03(a), (e)(4), (f)(1), & 31.09 (Vernon 2003). However, the jury found appellant guilty of the lesser included offense of theft by a public servant of property valued between $500.00 and $1,500.00, a state jail felony. *See id.* §§ 31.03(a), (e)(3), (f)(1), & 31.09 (Vernon 2003). The trial court assessed punishment at one year incarceration, suspended, and a $4,000.00 fine. This appeal ensued.

## II. SUFFICIENCY OF THE EVIDENCE

### A. Standard of Review

■ In reviewing legal sufficiency, we look at all of the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Vasquez v. State*, 67 S.W.3d 229, 236 (Tex.Crim.App. 2002). As fact finder, the jury is the exclusive judge of the credibility of the witnesses and the weight to be afforded to their testimony. *Chambers v. State*, 805 S.W.2d 459, 461 (Tex.Crim.App.1991). The jury may use common sense and apply common knowledge, observation, and experience gained in the ordinary affairs of life when giving effect to the inferences that may be reasonably drawn from the evidence. *Booker v. State*, 929 S.W.2d 57, 60 (Tex.App.-Beaumont 1996, pet. ref'd). In conducting our analysis, we may not reweigh the evidence and substitute our judgment for that of the jury. *King v. State*, 29 S.W.3d 556, 562 (Tex.Crim.App. 2000). The standard is the same for both direct and circumstantial evidence cases. *Kutzner v. State*, 994 S.W.2d 180, 184 (Tex. Crim.App.1999); *Vela v. State*, 771 S.W.2d 659, 660 (Tex.App.-Corpus Christi 1989, pet. ref'd).

### B. Appellant's Conviction

■ By his first issue, appellant contends the evidence is legally insufficient to prove he unlawfully appropriated property belonging to the District. Specifically, appellant challenges the "unlawfulness" of his appropriation of the property in question.

A person commits theft if he "unlawfully appropriates property with intent to deprive the owner of property," and such appropriation is unlawful if "it is without the owner's effective consent." TEX. PEN. CODE ANN. § 31.03(a) & (b)(1) (Vernon 2003). Appropriation means "to acquire or otherwise exercise control over property...." *Id.* § 31.01(4) (Vernon 2003). Appellant contends the State failed to prove that appellant's acquisition and control

---

**3.** These items included: (1) a digital camera; (2) a bit box; (3) an espresso and cappuccino maker; (4) an engine starter; (5) light bulbs; (6) a rechargeable power pack; (7) a power center for power tool rechargers; (8) jumper cables; (9) a horsepower clamp; (10) speaking Spanish software; (11) arcade games software; (12) ratchet tie-downs; (13) a satellite dish; (14) two remote controls; (15) computer cables; (16) a battery charger; (17) a satellite controller box; (18) a printer/scanner; (19) a copier machine; (20) two printers; (21) a television; (22) a vacuum cleaner; (23) computer and software; (24) floor jack; (25) dolly; (26) motion detector; (27) security light; (28) ear-plugs; (29) batteries; (30) zoom lens; (31) a digital multimeter; (32) a hammer; (33) a tool set; (34) a global positioning system; (35) a masonry blade; (36) a ratchet set; (37) an outlet power strip; (38) a set of booster cables; and (39) two tool boxes.

over the property in question was without the consent of the District. We disagree.

In cases alleging theft of property by an employee or fiduciary, theft may be established by showing the accused did not have authority to dispose of or appropriate the property in the manner alleged. *Huff v. State*, 897 S.W.2d 829, 834 (Tex. App.-Dallas 1995, pet. ref'd). Thus, theft is established by showing the accused acted in a way inconsistent with his lawful authority. *Id.; see Freeman v. State*, 707 S.W.2d 597, 605 (Tex.Crim.App.1986). When the accused "decides, for whatever reason, to unlawfully and permanently deprive the lawful owner of the property, he is then acting in an unauthorized capacity. . . . The line between lawful and unlawful activity by an employee [or fiduciary] is therefore a question of the scope of his authority." *Freeman*, 707 S.W.2d at 605–06; *see Huff*, 897 S.W.2d at 834; *Bailey v. State*, 885 S.W.2d 193, 197–98 (Tex.App.-Dallas 1994, pet. ref'd).

Looking at the evidence in the light most favorable to the verdict, *Jackson*, 443 U.S. at 319, 99 S.Ct. 2781; *Vasquez*, 67 S.W.3d at 236, the evidence shows appellant did not have consent to take the District's property home. Although there was not a written rule restricting the chief appraiser from taking District property home and storing it there, board member Ronnie Canales gave testimony that he did not give appellant such consent. Moreover, although the Board consented to and co-signed checks used to purchase the property in question, Ranger Garza testified that at least one board member did not know he was approving the purchase of a satellite dish when he co-signed a check for its purchase. Ranger Garza testified that when appellant wanted approval and a check for the satellite dish, appellant told the Board that the purchase was for office supplies. Board member Canales did not know he was co-signing a check for a satellite dish.

Furthermore, Grant testified that he had never seen any of the items appellant returned to him. Grant also testified that a majority of the items returned through appellant's attorney were items not normally used in the appraisal business and the District would not have had a use for them. The evidence also showed that when Grant asked appellant about a missing computer, appellant denied having one. The next day, however, appellant called Grant and asked him how much it would cost for appellant to buy the computer he previously denied possessing. The computer was later returned to Ranger Garza by appellant's attorney. Moreover, appellant asked Kevin Parker, a general contractor for the District, to return tools to the District, tools appellant had in his possession. When Parker told appellant he did not have a key to get into the District building, appellant asked Parker to see if Timothy Pendergraft, director of data processing for the District, would return the tools for appellant. Pendergraft refused to assist appellant in returning the tools.

We find this evidence supports the jury's finding that appellant exceeded his lawful authority as chief appraiser. *See* Tex. Pen.Code Ann. §§ 31.03(a), (e)(3), (f)(1), & 31.09; *see also Freeman*, 707 S.W.2d at 605–06; *Huff*, 897 S.W.2d at 834; *Bailey*, 885 S.W.2d at 197–98. The evidence is clear that as chief appraiser, appellant had authority to purchase and possess property for the District. However, the evidence also shows appellant exceeded this authority by taking the property home and retaining the property for months after his resignation, and by purchasing items that could not be, or were not, used for District business. Moreover, it seems appellant knew he had exceeded his authority by his efforts in having oth-

ers return certain items, denying he had possession of the computer when confronted about it, and acting in a deceiving manner when getting the Board to approve and co-sign a check for the purchase of the satellite dish. *See Margraves v. State,* 34 S.W.3d 912, 919 (Tex.Crim.App.2000) (jury's inference of intent is afforded more deference than evidence supporting proof of conduct, and circumstantial evidence of defendant's knowledge is not required to meet same rigorous criteria as circumstantial proof of other elements).

Thus, we find the evidence sufficiently shows appellant had the intention to, and did, unlawfully appropriate the District's property. *See* TEX. PEN.CODE ANN. §§ 31.03(a), (e)(3), (f)(1), & 31.09; *see also Freeman,* 707 S.W.2d at 605–06; *Huff,* 897 S.W.2d at 834; *Bailey,* 885 S.W.2d at 197– 98. Appellant's first issue is overruled.

### C. Value of the Property

■ By his second issue, appellant contends there was insufficient evidence to support the fair market value of the property. We find it unnecessary to reach appellant's contention because error, if any, was waived.

■ Appellant failed to properly object to the State's method of proving the value of the items unlawfully appropriated by appellant. The only objections made by appellant were for hearsay and lack of predicate. Even then, the objections came after the State had already established the values of four separate items. "If the manner of proving an item's value does not meet the accused's approval, it is incumbent upon him to voice his objection at the time of the introduction of the testimony." *Brown v. State,* 640 S.W.2d 275, 279 (Tex. Crim.App.1982); *Garcia v. State,* 787 S.W.2d 185, 185 (Tex.App.-Corpus Christi 1990, no. pet.). Error presented on appeal will not be considered if it varies from the specific objections made during trial. *Garcia,* 787 S.W.2d at 185. We find appellant's objections were insufficient to inform the trial court that appellant was complaining of the State's method of proving the value of the items. *See* TEX.R.APP. P. 33.1. Appellant's second issue is overruled.

### D. Public Servant

■ By his third issue, appellant contends there was insufficient evidence to prove appellant was a public servant after he resigned as chief appraiser. If he should be found guilty, appellant argues, the offense should be a misdemeanor and not a state jail felony. *See* TEX. PEN.CODE ANN. § 31.03(e)(3), (f)(1) (offense rises to state jail felony if actor was public servant at time of offense and property came into actor's possession, custody, or control by virtue of his status as public servant). This argument has no merit.

We have already found sufficient evidence to support the jury's verdict that appellant unlawfully appropriated District property while he was employed as the District's chief appraiser. However, we do not find any evidence to suggest appellant unlawfully misappropriated District property after he resigned as chief appraiser. The fact that appellant still had possession of District property after he resigned, does not negate the fact that when he initially came into possession and control of the property, appellant was a public servant. *See id.* § 31.03(f)(1). Appellant's third issue is overruled.

### III. CONCLUSION

Accordingly, we affirm the judgment of the trial court.