IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. 1343-03






GEORGE MOFF, Appellant



v.



THE STATE OF TEXAS





ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW


FROM THE THIRTEENTH COURT OF APPEALS


NUECES COUNTY






 Cochran, J., delivered the opinion for a unanimous Court.


O P I N I O N 


 

 A jury found appellant guilty of theft by a public servant of property that was valued
between $500 and $1,500. On appeal, he challenged the sufficiency of the evidence to prove:
1) unlawful appropriation; 2) fair market value of at least $500; and 3) his status as a public
servant at the time of the unlawful appropriation. The court of appeals found that the evidence
was legally sufficient to show appellant unlawfully appropriated property and that he did so
before he resigned as a public servant, but it also held that appellant waived any issue
concerning the sufficiency of evidence to prove value. (1) Appellant claims that the court of
appeals violated his due process rights by affirming his conviction without addressing the legal
sufficiency of the evidence supporting the value of the property at the time of the offense. We
agree, and therefore we remand this case to the court of appeals to review the sufficiency of
that evidence.

I.

 In 1981, the Nueces County Appraisal District was formed, and its board appointed
appellant as its chief appraiser. As chief, appellant had authority to purchase and possess
property for the district. In December 1999, after eighteen years of service, appellant
resigned. Before he left, he paid the district $1,100 in cash for "tools and supplies" that
belonged to the district but had "gotten commingled" with his own. 

 In March 2000, his successor, Ollie Grant, began to inventory the appraisal district
property. Mr. Grant discovered that some district property was missing. Appellant called Mr.
Grant in April, and the two arranged to meet at a Chili's Restaurant. According to Mr. Grant,
appellant "knew something was up." When they met at the restaurant, appellant gave Mr. Grant
a Nikon camera, a battery charger, a power washer, and a saw and drill set-all of which,
appellant said, belonged to the appraisal district. Mr. Grant asked appellant about a missing
computer, but appellant said he "didn't have a computer." The next day, however, appellant
called Mr. Grant and admitted that he did, in fact, have a district computer, and he asked how
much it would cost him to keep it. 

 Because of appellant's actions and the discovery that more property purchased by the
district was missing, the Nueces County District Attorney's Office began a formal
investigation. Texas Ranger Roberto Garza, Jr. assisted in that investigation.

 In June 2000, appellant's attorney returned additional items that belonged to the district,
but which had been in appellant's possession, as well as an "inventory of appraisal district
property received" listing those items, including the computer. Many of these items had never
been seen at, or used by, the district and were not the type of items the district would purchase
or could use.

 Appellant was indicted for the third degree felony of theft by a public servant of
property valued between $1,500 and $20,000. At trial, the State's theory was that appellant had
stolen the items at the time he purchased them. The State-over hearsay and "failure to lay a
predicate" objections-relied on Ranger Garza's testimony concerning the purchase price of
those items (as reflected in the district's business record written receipts) to prove the value
of the property stolen.

 At the close of evidence, appellant filed a motion for directed verdict alleging, in part,
that the State failed to prove any value- even of the items for which the district had purchase-price receipts. The defensive theory was that appellant, as chief of the district, had the right
to buy this property and the right to possess it while he was chief, (2) so its purchase price was
irrelevant. The trial court denied this motion. The jury convicted appellant of the lesser
included state jail felony of theft by a public servant of property valued between $500 and
$1,500. The trial court assessed punishment at one year incarceration, suspended, and a
$4,000 fine.

 Appellant argued on appeal that the State failed to prove, beyond a reasonable doubt, that
the fair market value of the property at the time of the offense was at least $500. (3) He asserted
that Ranger Garza's testimony about the purchase price of a handful of the purloined items was
"no evidence" of value because Garza: 


 was not the owner of the property (so his testimony of the purchase price could
not be presumed to refer to fair market value);

 was not a qualified non-owner witness (because he was not an expert on the fair
market or replacement value of these specific items); and 

 provided no evidence of value after appellant purchased the items (because he
did not testify to any depreciated value). 


 

The State countered that appellant waived error regarding the State's method of proving value
because he objected late and then backed off his objection by stating "I don't dispute that value
can be established through - through a receipt[.]" (4) The court of appeals held that appellant
"waived" (5) his claim that the evidence was legally insufficient to support the jury's finding of
a fair market value between $500 and $1,500 at the time appellant misappropriated the items
because he failed to properly object to the State's method of proving their value. It stated: 

 Appellant failed to properly object to the State's method of proving the value of
the items unlawfully appropriated by appellant. The only objections made by
appellant were for hearsay and lack of predicate. Even then, the objections came
after the State had already established the values of four separate items. "If the
manner of proving an item's value does not meet the accused's approval, it is
incumbent upon him to voice his objection at the time of the introduction of the
testimony." Brown v. State, 640 S.W.2d 275, 279 (Tex. Crim. App. 1982); 
Garcia v. State, 787 S.W.2d 185, 185 (Tex. App.-Corpus Christi 1990, no.
pet.). Error presented on appeal will not be considered if it varies from the
specific objections made during trial. Garcia, 787 S.W.2d at 185. We find
appellant's objections were insufficient to inform the trial court that appellant
was complaining of the State's method of proving the value of the items. See
Tex. R. App. P. 33.1. Appellant's second issue is overruled. (6)


 Appellant argues that the court of appeals erred in relying on Brown-a case in which,
he points out, this Court did evaluate the sufficiency of the evidence-to hold his sufficiency
question waived. We granted review to consider this claim. (7) 

II.

 We have adopted the Jackson v. Virginia (8) constitutional standard of review for
assessing the legal sufficiency of evidence in a criminal case. (9) Under that standard, "the
relevant question is whether, after viewing the evidence in the light most favorable to the
prosecution, any rational trier of fact could have found the essential elements of the crime
beyond a reasonable doubt." (10) In applying the Jackson sufficiency review, an appellate court
"must consider all evidence which the jury was permitted, whether rightly or wrongly, to
consider." (11) 

 If a defendant challenges the legal sufficiency of the evidence to support his conviction
on direct appeal, the appellate court always has a duty to address that issue, regardless of
whether it was raised in the trial court. (12) A defendant need not file a motion for directed
verdict or a motion for new trial to preserve an appellate claim concerning the sufficiency of
the evidence to prove his guilt. He need not object to the admission of evidence in the trial
court to preserve this issue. He need not claim, in the trial court, that the method by which the
State proved an element of the offense was deficient or defective. In short, a claim regarding
sufficiency of the evidence need not be preserved for appellate review at the trial level, and it
is not forfeited by the failure to do so. (13) 

 The Supreme Court in Burks v. United States held that because the "Double Jeopardy
Clause precludes a second trial once the reviewing court has found the evidence legally
insufficient, the only 'just' remedy available for a court finding legal insufficiency is a
judgment of acquittal." (14)

 On the other hand, when a defendant claims on appeal that the trial court erred in
admitting or excluding evidence, he must have made a proper and specific objection at the time
the evidence was offered or excluded to preserve his right of review of that evidentiary claim. (15) 
Under our Texas Rules of Evidence, a party must make a timely objection at trial, and he must
state the specific basis for the objection unless the particular ground is apparent from the
context. (16) Also, the complaining party must have obtained an adverse ruling from the trial
judge, or objected to the judge's refusal to rule, to preserve error in the admission of the
evidence. "In the event a portion of this evidence was erroneously admitted, the accused may
complain on appeal of such error. If his complaint has merit and the error is reversible ... a
new trial should be ordered." (17)

 Sometimes a claim of trial court evidentiary error and a claim of insufficient evidence
overlap so much that it is hard to separate them. For example, suppose that the identity of a
bank robber is proven through the testimony of one and only one witness at trial. Suppose
further that this witness' testimony is rank hearsay: "Little Nell told me that Simon was the
bank robber." On appeal a defendant might raise a hearsay claim and a claim of sufficiency of
the evidence to prove identity. He will have the right to have the hearsay question considered
on its merits only if he objected properly at trial; he will have the right to have the question of
the sufficiency of evidence to prove identity considered on its merits whether or not he
objected. 

 But an appellate court must consider all evidence actually admitted at trial in its
sufficiency review and give it whatever weight and probative value it could rationally convey
to a jury. (18) Thus, even if the trial court erred in admitting the witness' testimony of Little
Nell's out-of-court statement, the reviewing court must consider that improperly-admitted
hearsay in assessing the sufficiency of the evidence to prove the bank robber's identity. As
Professors Dix and Dawson explain: "[a]n appellant ... is not entitled to have an appellate court
first consider the appellant's complaints concerning improper admitted evidence and, if it
resolves any of those in favor of the appellant, to then, second, consider the sufficiency of the
properly-admitted evidence to support the conviction." (19) There is much logic in that rule:

 This rule rests in large part upon what is perceived as the unfairness of barring
further prosecution where the State has not had a fair opportunity to prove guilt. 
A trial judge's commission of trial error may lull the State into a false sense of
security that may cause it to limit its presentation of evidence. Erroneous
admission of hearsay evidence, for example, may cause the State to forego
offering other evidence that would ultimately prove admissible. (20)

 

In our example, had the judge excluded the hearsay identification evidence, the State might have
put on other evidence to prove identity. The remedy lies in a new trial, not an acquittal for
insufficient evidence, because "[t]he risk of frustrating the State's legitimate interest in a full
opportunity to prove guilt, in any case, outweighs the defendant's interest in being subjected
to trial only once." (21)

 Both litigants and reviewing courts should be careful to distinguish claims of
improperly admitted evidence (trial error) from legal insufficiency of all admitted
evidence-even improperly admitted evidence. This Court has not always been sufficiently
careful in that regard and therein lies the problem in this case.

III.

 In this case, appellant argued in the court of appeals that Ranger Garza's testimony about
the purchase price of a handful of the items appellant allegedly stole was "no evidence" of
value because Garza was not their owner nor an expert on their value, and he provided no proof
of a depreciated value after appellant had purchased and used the items. That argument could
have presented two separate potential appellate issues: one, a sufficiency question (that the
State failed to prove the element of value); and two, a question of evidentiary error (that the
State's evidence of value was not admissible). Because appellant made 'hearsay' and 'no
predicate' objections at trial, the court of appeals found appellant's objections insufficient to
inform the trial court that he was really complaining about the State's method of proving the
value of the items. In other words, appellant forfeited the issue of the competency of the
evidence to establish value. Fair enough. But the court disposed of the evidentiary question
without considering the sufficiency question. And, in so doing, the court of appeals
inadvertently deprived appellant of his constitutional right to a review of the sufficiency of the
State's evidence on the element of value.

 Language from some of this Court's earlier opinions concerning proof of value in theft
cases may have led the court of appeals astray. In Brown v. State, (22) the case the court of
appeals relied on to hold the sufficiency question waived, we likewise held a complaint about
the competency of the State's evidence of value forfeited. But we considered, however briefly,
the sufficiency issue:

 The appellant also complains that the evidence is insufficient to establish that
the property stolen had a value of $200 or more. Millen testified that the chain
saw was three months old and he purchased it for $115. The tool box was three
years old and was purchased for $30. Middagh testified that the hair dryer was
less than a year old and was purchased for about $20. She stated it was worth
about $15. She stated she purchased the calculator for $30. The sewing
machine was three years old and she paid $150. She later said that she thought
the replacement value was about $100. The appellant offered no objection to
the manner of proof of value. We have repeatedly stated that if the manner of
proving value does not meet the accused's approval, it is incumbent upon him to
voice his objection at the time of the introduction of the testimony. Bullard v.
State, 533 S.W.2d 812 (Tex. Cr. App. 1976); Nitcholas v. State, 524 S.W.2d
689 (Tex. Crim. App. 1975); Turner v. State, 486 S.W.2d 797 (Tex. Cr. App.
1972). We conclude that the evidence is sufficient to show that the stolen items
had a combined value of more than $200. (23)


The same is true in the cases that Brown itself cites. In each case, we said that the issue of
the competency of evidence was forfeited by a lack of objection to the manner in which value
was shown, but we decided the related sufficiency question. In Bullard v. State, (24) we held: 
"Each of the items was shown to have a value of over $200.... The failure to prove the market
value of these stolen items was not fatal when there was no evidence that the value of the
property was less than $200 and there was some evidence admitted without objection to show
the property had a value of over $200." (25) In Nitcholas v. State, (26) we found "that there was
sufficient proof that the air conditioner unit was of the value of more than $200 and less than
$10,000." (27) And in Turner v. State, (28) we said: "[w]hile the proof as to value leaves something
to be desired, we conclude that the evidence was sufficient to sustain the allegation that the
tape machine was of the value of over $50." (29)

 Appellant, like those before him, improperly sought to have his evidentiary question 
incorporated into his sufficiency question. (30) Nonetheless, he did not forfeit his right to have
the appellate court consider his sufficiency question, although that review would necessarily
include the use of Ranger Garza's testimony concerning value, regardless of whether it was
properly or improperly admitted. As the State acknowledges, appellant "did not expressly
waive (31) his due process rights" and "[h]is failure to object to all the evidence of value did not
waive his right to insist on proof beyond a reasonable doubt" or his "right to insist on appellate
review of the constitutional sufficiency of the evidence supporting every element of his
conviction." We agree with the State that: "[W]hat is really being waived, perhaps inartfully
stated in some opinions, is not the underlying sufficiency challenge, but a challenge to the
competence or probative value of certain testimony, manners, and methods establishing a given
value." (32) We disagree with the State, though, that appellant's sufficiency challenge is so
inextricably tied to his evidentiary challenge as to be "hollow" because his challenge to the
manner of proving value has been forfeited.

 The sufficiency question that appellant is entitled to have answered on appeal is whether
any rational jury could have found beyond a reasonable doubt, from all of the evidence actually
admitted and viewed in the light most favorable to the State, that the property appellant
misappropriated had a value of between $500 and $1,500 at the time of the offense.

 In sum, appellant's failure to object to the method of proving the value of the property
did not forfeit his constitutional right to insist on proof beyond a reasonable doubt. We
therefore remand this case to the court of appeals so it may address the sufficiency of the
State's evidence to prove that the property the jury found appellant stole had a value of between
$500 and $1,500.

Cochran, J.

Delivered: April 7, 2004.

Publish
1. Moff v. State, 111 S.W.3d 659 (Tex. App.-Corpus Christi 2003).
2. The items for which the district had receipts-most of which explicitly named appellant as the
purchaser-included a digital camera, 35 mm camera, zoom lens, espresso maker, engine starter, game
software, satellite dish, computer, scanner/printer, copier, printer, TV/VHS, vacuum cleaner, and drill
and saw set.
3. Under Tex. Pen. Code § 31.08(a), the value of stolen property is:

 (1) the fair market value of the property or service at the time and
place of the offense; or
(2) if the fair market value of the property cannot be ascertained, the
cost of replacing the property within a reasonable time after the
theft.

Section 31.08(b) sets out the valuation of documents and Subsection (c) is the "default" valuation
provision:

 (c) If property or service has value that cannot be reasonably ascertained by the criteria set
forth in Subsections (a) and (b), the property or service is deemed to have a value of $500 or
more but less than $1,500.
4. State's Brief to Court of Appeals at 15-16.
5. The court probably meant "forfeited." See Marin v. State, 851 S.W.2d 275, 279-80 (Tex.
Crim. App. 1993) (a mere failure to object cannot be waiver; waiver involves a positive
relinquishment). 
6. 111 S.W.3d at 663.
7. We granted review to answer the question "whether the court of appeals erred when it refused
to consider the constitutional sufficiency of the evidence supporting an element of Moff's conviction on
the grounds he failed to object at trial to the admission of evidence concerning that element."
8. 443 U.S. 307 (1979).
9. Griffin v. State, 614 S.W.2d 155, 158 (Tex. Crim. App. 1981).
10. Jackson v. Virginia, 443 U.S. 307, 318-19 (1979).
11. Thomas v. State, 753 S.W.2d 688, 695 (Tex. Crim. App. 1988) (emphasis in original). In
Thomas we explained: In the event a portion of this evidence was erroneously admitted, the accused may
complain on appeal of such error. If his complaint has merit and the error is reversible,
see Rule 81 (b) (2), Tex.R.App.Proc., a new trial should be ordered. But jurors do not
act irrationally taking such evidence into account, since they are bound to receive the
law from the trial judge. All evidence which the trial judge has ruled admissible may
therefore be weighed and considered by the jury, and a reviewing court is obliged to
assess the jury's factual findings from this perspective.
12. Rankin v. State, 46 S.W.3d 899, 901 (Tex. Crim. App. 2001).
13. Id. at 901.
14. Burks v. United States, 437 U.S. 1, 18 (1978). The Supreme Court carefully distinguished
reversals caused by trial error from those resulting from evidentiary insufficiency:

 In short, reversal for trial error, as distinguished from evidentiary insufficiency, does not
constitute a decision to the effect that the government has failed to prove its case. As
such, it implies nothing with respect to the guilt or innocence of the defendant. Rather, it
is a determination that a defendant has been convicted through a judicial process which
is defective in some fundamental respect, e. g., incorrect receipt or rejection of
evidence, incorrect instructions, or prosecutorial misconduct. When this occurs, the
accused has a strong interest in obtaining a fair readjudication of his guilt free from
error, just as society maintains a valid concern for insuring that the guilty are punished.

Id. at 15.
15. Ethington v. State, 819 S.W.2d 854, 858 (Tex. Crim. App. 1991) (citing Tex. R. Evid.
103(a)(1) and former Tex. R. App. P. 52).
16. Id.
17. Thomas, 753 S.W.2d at 695.
18. Id.
19. George E. Dix and Robert O. Dawson, 43A Texas Practice, Criminal Practice
and Procedure § 43.531, at 742 (2d ed. 2001).
20. Id.
21. Id.
22. Brown v. State, 640 S.W.2d 275 (Tex. Crim. App. 1982).
23. Id. at 279.
24. 533 S.W.2d 812 (Tex. Crim. App. 1976).
25. Id. at 815.
26. 524 S.W.2d 689 (Tex. Crim. App. 1975).
27. Id. at 690-691 (rejecting defendant's complaint that "there was a lack of competent evidence
to prove value," and further finding that evidence was sufficient "to prove the value alleged in the
indictment").
28. 486 S.W.2d 797 (Tex. Crim. App. 1972).
29. Id. at 799; see also Stewart v. State, 9 Tex. Ct. App. 321 (1880). In Stewart, the
defendant was charged with stealing Choat's steer. Choat bought the steer from McGraw and left it on
McGraw's range. Choat did not testify at trial. McGraw did, and he said that he gave no consent to
the taking of the steer. Appellant argued on appeal that the evidence was insufficient to prove he took
Choat's steer because Choat never testified. The court held that any issue of the "best evidence" of
lack of consent was waived by a lack of objection, but it still considered the sufficiency question:

 We think, from a consideration of the authorities, that it may safely be laid down as a
rule that non-consent of the owner in cases of theft may be proven either by the
testimony of the owner himself or by circumstantial evidence, and no objection will be
heard that the best testimony is that of the owner, unless properly made in the court
below. If sufficiently established, without objection, by circumstantial evidence to the
satisfaction of the jury, beyond a reasonable doubt, the defendant cannot be heard to
complain that the absence of the positive testimony of the owner to the facts is a
material error calculated to injure his rights. Code Cr. Proc., art. 777.

 Of course, if such evidence were wholly insufficient to sustain the verdict with
reference to the non-consent, this court would feel bound to reverse the judgment and
award a new trial. In fact, the sufficiency of the evidence is the only question in the
case as here presented. The testimony as adduced, in connection with that of the
witness McGraw, that Choat came to Camp County looking for the animal after it was
killed, and the admissions of defendant to the witnesses Reece and Petty, abundantly
establish the fact that the killing was without the consent of the owner. 

Id. at 325-326.
30. Appellant did not bring an independent point of error in the court of appeals disputing the
admissibility of Ranger Garza's testimony of the value of the misappropriated property or the State's
method of introducing that testimony. He challenged only the sufficiency of that evidence to prove
value.
31. The State probably meant "forfeit."
32. State's Brief, at 16.