IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-07-00080-CR

 

Gary Montgomery,

                                                                                    Appellant

 v.

 

The State of Texas,

                                                                                    Appellee

 

 



From the 361st District Court

Brazos County, Texas

Trial Court No. 05-03937-CRF-361

 



ORDER










 

            Our abatement order issued on March 26, 2 008 is withdrawn.  This proceeding is reinstated.

            Montgomery’s motion for extension of
time to file his appellate brief is granted.  His brief is due June 13, 2007.  

            Louis Gimbert is recognized as having
been substituted for attorney David Barron, according to Judge Smith’s order of
 April 18, 2008.

 

                                                                        PER
CURIAM

 

Before
Chief Justice Gray,

            Justice
Vance, and

            Justice
Reyna

(Chief
Justice Gray concurs in part and dissents in part)

Appeal
reinstated

Motion
granted

Order
issued and filed June 11, 2008

Do
not publish






whether, after viewing the evidence in the light most favorable to the
prosecution, any rational trier of fact could have found the essential elements
of the crime beyond a reasonable doubt.”  Moff v. State, 131 S.W.3d 485,
488 (Tex. Crim. App. 2004) (quoting Jackson v. Va., 443 U.S. 307, 319, 99 S. Ct. 2781, 2789, 61 L. Ed. 2d 560 (1979)).

            To support his position,
Wiggins refers to the lack of physical evidence, inconsistencies in some
aspects of C.P.’s testimony, and the testimony of several defense witnesses (as
well as Wiggins himself) who essentially testified either that the sexual
assaults could not have happened or did not happen.  By viewing the evidence in
this manner, however, Wiggins is not “viewing the evidence in the light most
favorable to the prosecution.”  See id.

            Instead, when viewed in
the light most favorable to the prosecution, the lack of physical evidence is
consistent with the nurse’s testimony that there is often no physical evidence
in this type of case.  The inconsistencies in C.P.’s testimony are easily
explained by her young age and the stress of testifying.  And a rational trier
of fact may well have determined that the testimony of the defense witnesses
was not credible.  See Marshall v. State, 210 S.W.3d 618, 625 (Tex. Crim. App. 2006) (when reviewing legal insufficiency complaint, appellate court must “defer
to the jury’s credibility and weight determinations”).

            When viewed in the light
most favorable to the prosecution, the combined testimony of C.P., her
grandmother, and the nurse constitute legally sufficient evidence to support
the conviction.  See Ozuna v. State, 199 S.W.3d 601, 606-09 (Tex. App.—Corpus Christi 2006, no pet.); Carty v. State, 178 S.W.3d 297, 303 (Tex. App.—Houston [1st Dist.] 2005, pet. ref’d); Mosley v. State, 141 S.W.3d 816,
821-23 (Tex. App.—Texarkana 2004, pet. ref’d).  Accordingly, we overrule
Wiggins’s sole point and affirm the judgment.

 

FELIPE REYNA

Justice

Before Chief Justice
Gray,

Justice
Vance, and

Justice
Reyna

Affirmed

Opinion delivered and
filed July 11, 2007

Do not publish

[CRPM]