IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-10-00056-CR

No. 10-10-00057-CR

 

James Edward Mott,

                                                                                    Appellant

 v.

 

The State of Texas,

                                                                                    Appellee

 

 

 



From the 40th District Court

Ellis County, Texas

Trial Court Nos. 33092CR and
33093CR

 



MEMORANDUM  Opinion



 

            In Cause No. 10-10-00056-CR, the jury
convicted James Edward Mott of burglary of a habitation and assessed his
punishment at 80 years in prison.  Tex. Penal
Code Ann. 30.02(a) (Vernon 2003).  In Cause No. 10-10-00057-CR, the jury
convicted Mott of tampering with a governmental record and assessed his
punishment at 5 years in prison.  Tex. Penal
Code Ann. 37.10(a) (Vernon Pamph. 2010).  We affirm. 

Burglary of a Habitation

            Mott asserts two issues on appeal for
his conviction of burglary of a habitation.  Mott first argues that the
evidence is legally and factually insufficient to support his conviction.  Mott
argues in his second issue that he received ineffective assistance of counsel.

Sufficiency of the Evidence

            Mott argues that the evidence is
legally and factually insufficient to support his conviction.  The Court of
Criminal Appeals has recently decided that the Jackson v. Virginia legal
sufficiency standard is the only standard that a reviewing court should apply
in determining whether the evidence is sufficient to support each element of a
criminal offense.  Brooks v. State, No. PD-0210-09, 2010 WL 3894613
(Tex. Crim. App. Oct. 6, 2010).  Therefore, we will review Mott’s sufficiency
argument under the standard set out in Jackson v. Virginia, 443 U.S. 307
(1979).  

In reviewing the legal sufficiency of the evidence
to support a conviction, we view all of the evidence in the light most
favorable to the prosecution in order to determine whether any rational trier
of fact could have found the essential elements of the crime beyond a
reasonable doubt.  Jackson v. Virginia, 443 U.S. at 319; Clayton v.
State, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007).  Furthermore, we must
consider all the evidence admitted at trial, even improperly admitted evidence,
when performing a legal sufficiency review.  Clayton v. State, 235
S.W.3d at 778; Moff v. State, 131 S.W.3d 485, 489-90 (Tex. Crim. App. 2004). 
The standard of review is the same for direct and circumstantial evidence
cases; circumstantial evidence is as probative as direct evidence in
establishing an actor's guilt.  Clayton v. State, 235 S.W.3d at 778; Hooper
v. State, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). 

Richard and Kay Jones were out of town and their
son, Kevin, went by their house.  Kevin noticed that the entry door of the
house was open and that the glass pane on the door was broken.  Kevin called
the Ellis County Sheriff’s office and his parents.  

Kay testified that when she and Richard returned
home, they went through each room of the house to determine missing items.  The
missing items included a laptop computer, two cameras, jewelry, a pistol, and
numerous personal documents.  Richard and Kay also testified that unique
commemorative coins were taken and a gold Krugerrand coin.  The commemorative
coins were from a Las Vegas casino.  

The Jones’s neighbor testified that on the day of
the burglary, he saw a white Chevrolet pickup at the Jones’s house.  The
neighbor saw a man who appeared to be between the ages of twenty-five and
thirty walking to the pickup from the Jones’s house.  

The Desoto police recovered a white 2004 Chevrolet
pickup that had been reported stolen.  Located inside the pickup were various
documents belonging to the Joneses including the birth and death certificates
of Richard’s parents, a driver’s license and military discharge papers for
Richard’s father, and a wedding photograph of Richard’s parents.  

Lieutenant Jason Westmoreland, with the Ellis
County Sheriff’s office, testified that he interviewed Macy Martin as part of
his investigation of the burglary at the Jones’s house.  Lieutenant
Westmoreland asked Macy if she had any information about coins.  Macy told
Lieutenant Westmoreland that her mother, Christy, and Mott sold some coins at
the Dallas Gold and Silver Exchange.  Macy also told Lieutenant Westmoreland
that Mott was driving a white Chevrolet pickup.  

Lieutenant Westmoreland obtained surveillance
video from the Dallas Gold and Silver Exchange.  He identified Mott and Christy
in the video.  The day after the burglary of the Jones’s house, Mott sold
gaming coins and a gold Krugerrand to the Dallas Gold and Silver Exchange.  

Lieutenant Westmoreland obtained a warrant for
Mott’s arrest.  He executed the search warrant near a pawnshop where Mott was
attempting to sell a four-wheeler ATV.  Mott was driving a black Ford pickup
that had been reported stolen.  Lieutenant Westmoreland found various documents
in the pickup including titles to various vehicles.  He also found an altered
driver’s license.  Lieutenant Westmoreland testified that Mott had on his
person a driver’s license with his picture, but another person’s name.  The
State offered into evidence a picture of Mott’s driver’s license with the
picture cut out.  The State also offered into evidence the driver’s license of
another person with Mott’s picture taped onto the license.  Mott’s license had
been suspended, but the other license containing Mott’s picture was valid.

Kay Jones testified that after hearing that an
arrest had been made in the burglary of her home, she asked to see a picture of
the person arrested.  Kay testified that she recognized the person in the
photograph shown to her.  Kay stated that that person had come to her house
approximately a week before the burglary.  The person rang the doorbell, but
Kay did not answer the door.  Kay observed the person through a window near the
door.  

Mott argues that there is no physical evidence
linking him to the burglary.  Circumstantial evidence is as probative as direct
evidence in establishing an actor's guilt.  Clayton v. State, 235 S.W.3d
at 778; Hooper v. State, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007).  Items
from the Jones’s home were located in a white Chevrolet pickup linked to Mott. 
Mott sold various coins and a gold Krugerrand coin the day after the burglary, and
those items were taken from the Jones’s home.  Viewing all of the evidence, we
find that there is sufficient evidence to support Mott’s conviction for
burglary of a habitation.  We overrule  Mott’s first issue on appeal.

Ineffective Assistance of Counsel

To determine if trial counsel rendered ineffective
assistance, we must first determine whether Mott has shown that counsel's
representation fell below an objective standard of reasonableness and, if so,
then determine whether there is a reasonable probability that the result would
have been different but for counsel's errors.  Strickland v. Washington,
466 U.S. 668 (1984).  We must indulge a strong presumption that counsel's
conduct fell within the wide range of reasonable professional assistance, and
Mott must overcome the presumption that, under the circumstances, the
challenged action might be considered sound trial strategy.  Stafford v.
State, 813 S.W.2d 503, 508-09 (Tex. Crim. App. 1991).  An allegation of
ineffective assistance must be firmly founded in the record, and the record
must affirmatively demonstrate the alleged ineffectiveness.  Thompson v.
State, 9 S.W.3d 808, 814 (Tex. Crim. App. 1999).

Mott specifically argues that his trial counsel
was ineffective in failing to object to evidence of extraneous offenses and in
failing to move to suppress the suggestive pre-trial identification of Mott.  

Mott contends that his trial counsel was deficient
in failing to object to testimony about stolen items other than those belonging
to the Joneses recovered in the white Chevrolet pickup, testimony about items
in the black Ford pickup at the time of Mott’s arrest, testimony that the black
Ford pickup was reported stolen, and testimony of illegal drug use.  

Mott has not established that some of the complained
of evidence was inadmissible.  Mott was on trial for tampering with a
governmental record and, therefore, some of the complained of documents are not
clearly inadmissible.  See Tex.  R.
Evid. 404(b).  Trial counsel elicited testimony to discredit the evidence
identifying Mott as the person who committed the burglary.  Trial counsel
questioned Macy about her drug use and her motive to implicate Mott in the
burglary of the Jones’s home.  Mott has not shown that his trial counsel’s
decisions were not based upon sound trial strategy.  See Scott v.
State, 57 S.W.3d 476, 484 (Tex. App.—Waco 2001).

Kay Jones testified that she asked to see a
picture of the person arrested for the burglary of her home.  Kay was not shown
a photo lineup for identification purposes.  Kay was not a witness to the
burglary.  Trial counsel thoroughly cross-examined Kay about her recollection
of the person at the door.  Trial counsel asked if the person had any tattoos,
and Kay stated that he did not.  Trial counsel introduced evidence that Mott
has a tattoo under his eye.  Mott has not shown that he received ineffective
assistance of counsel.  We overrule Mott’s second issue on appeal. 

Tampering
with a Governmental Record

            Mott brings three issues on appeal
challenging his conviction for tampering with a governmental record.  Mott
argues that the evidence is legally and factually insufficient to support his
conviction and that the trial court erred in denying his request for an
instruction on a lesser-included offense.

Sufficiency of the Evidence 

            We will review Mott’s sufficiency
argument under the standard set out in Jackson v. Virginia, 443 U.S. 307
(1979).  A person commits the offense of tampering with a governmental record
if he knowingly makes a false entry in, or false alteration of, a governmental
record.  Tex. Penal Code Ann. §
37.10(a)(1) (Vernon Pamph. 2010).  Committing the offense with intent to
defraud or harm another increases the penalty range for the offense.  Tex. Penal Code Ann. § 37.10(c) (Vernon
Pamph. 2010).  The indictment alleged that Mott “did then and there, with
intent to defraud or harm another, namely, the State of Texas, knowingly make a
false alteration of a governmental record.”  

            Mott argues there is no evidence
indicating his intent to use or present the altered driver’s license in an
effort to defraud anyone.  Mott argues that the State was required to show he
used the license in order to prove intent to defraud or harm another.  

            The State can establish intent to
defraud or harm by circumstantial evidence.  Burks v. State, 693 S.W.2d
932, 936 (Tex. Crim. App. 1985); Wingo v. State, 143 S.W.3d 178, 187
(Tex. App.—San Antonio 2004), affirmed, 189 S.W.3d 270 (Tex. Crim. App.
2006).  Mott was in possession of an altered driver’s license.  Mott cut out his
picture from his suspended driver’s license and attached it to another person’s
valid license.  Such an act shows an intent to defraud the State of Texas as to
Mott’s identity and as to his possession of a valid driver’s license.  The
evidence is sufficient to support Mott’s conviction.  

            Mott also challenges the sufficiency
of the evidence arguing that there is a material variance between the pleading
and proof.  A variance occurs when there is a discrepancy between the
allegations in the charging instrument and the proof at trial.  Gollihar v.
State, 46 S.W.3d 243, 246 (Tex. Crim. App. 2001).  We treat variance claims
as a problem with the sufficiency of the evidence.  Id.  A variance that
is not prejudicial to a defendant's substantial rights is immaterial.  Gollihar
v. State, 46 S.W.3d at 248.  In determining whether a defendant's
substantial rights have been prejudiced we consider whether (1) the indictment,
as written, informed the defendant of the charge against him sufficiently to
allow him to prepare an adequate defense at trial, and (2) whether prosecution
under the indictment as drafted would subject the defendant to the risk of
being prosecuted later for the same crime.  Id. 

When an intent to defraud is an element of an
offense, it is sufficient to allege an intent to defraud without naming the
particular person intended to be defrauded.  Tex.
Code Crim. Pro. Ann. 21.05 (Vernon 2009).  The State was not required to
allege in the indictment that Mott acted with intent to defraud the State of
Texas.  Mott contends that there is no proof that the State of Texas was harmed
or defrauded as alleged in the indictment resulting in a material variance.  

Mott’s driver’s license was suspended by the State
of Texas.  Mott altered a driver’s license to portray a license valid in the
State of Texas.  The indictment stated that Mott made a false alteration of a
governmental record by placing his photograph on the driver’s license of
another individual.  Although the State was not required to allege that Mott intended
to defraud the State of Texas, the indictment  informed Mott of the charge
against him sufficiently to allow him to prepare an adequate defense at trial. 
We overrule Mott’s first and second issues.  

Lesser-Included Offense

            Mott requested a jury instruction on the lesser offense of tampering
with a governmental record without intent to harm or defraud another. 
Committing the offense with the intent to defraud or harm another increases the
penalty range of the offense.  A defendant is entitled to a charge on a lesser
offense only if the elements of the lesser offense are included within the
proof necessary to establish the offense charged and only if there is some
evidence that would permit the jury rationally to find that, if the defendant
is guilty, he is guilty only of the lesser offense.  See Rousseau v. State,
855 S.W.2d 666, 672 (Tex. Crim. App. 1993).

            The parties agree that the only
question before us is whether there is some evidence Mott is guilty only of the
lesser offense.  There is no evidence Mott altered the driver’s license for any
purpose other than to portray that he possessed a valid license. The trial
court did not err in denying the requested instruction.

Conclusion

            We affirm the trial court’s judgments.

 

                                                                        TOM
GRAY

                                                                        Chief
Justice

 

Before
Chief Justice Gray,

            Justice
Reyna, and

            Justice
Davis

Affirmed

Opinion
delivered and filed December 15, 2010

[CRPM]

Do
not publish