

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

|  |  |  |  |
|---|---|---|---|
| BRIAN CAMPBELL, | § | | No. 08-11-00159-CR |
| | Appellant, | § | |
| | | § | Appeal from the |
| v. | | § | 371st District Court |
| THE STATE OF TEXAS, | | § | of Tarrant County, Texas |
| | Appellee. | § | (TC# 1227667R) |
| | | § | |

## **O P I N I O N**

Appellant, Brian Campbell, was charged by indictment for committing the offenses of arson (Count I) and criminal mischief with pecuniary loss in excess of $200,000 (Count II).[1]  A jury convicted Appellant of the charged offenses, made affirmative deadly weapon findings, and sentenced Appellant to ten years' confinement for each count.  In a single issue, Appellant contends the evidence was legally insufficient to prove the pecuniary loss element of criminal mischief.[2]  We agree.

---

[1] As this case was transferred from our sister court in Fort Worth, we decide it in accordance with the precedent of that court.  TEX. R. APP. P. 41.3.

[2] The State of Texas did not file a brief responding to Appellant's issue.

**DISCUSSION**

In evaluating a legal sufficiency challenge, we view the evidence in the light most favorable to the verdict in order to determine whether any rational fact finder could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 318-19, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Moff v. State*, 131 S.W.3d 485, 488 (Tex.Crim.App. 2004); *Weightman v. State*, 975 S.W.2d 621, 624 (Tex.Crim.App. 1998). In implementing the *Jackson* sufficiency of the evidence standard, we are required to "*consider all evidence* which the jury was permitted, whether rightly or wrongly, to consider," and "give it whatever weight and probative value it could rationally convey to a jury." *Moff*, 131 S.W.3d at 488, 489 (citations omitted) (emphasis in original).

A person commits criminal mischief when he intentionally or knowingly damages or destroys tangible property without the effective consent of the owner. TEX. PENAL CODE ANN. § 28.03(a)(1) (West 2011). The amount of pecuniary loss suffered by an owner determines the degree of the offense of criminal mischief. TEX. PENAL CODE ANN. § 28.03(b) (West 2011). When property is destroyed, the amount of pecuniary loss is the fair market value of the property at the time and place of the destruction. TEX. PENAL CODE ANN. §§ 28.03(a)(1), 28.06(a)(1) (West 2011). If that value cannot be determined, the amount of pecuniary loss is the cost of replacing the property within a reasonable time after the destruction. TEX. PENAL CODE ANN. §§ 28.03(a)(1), 28.06(a)(2) (West 2011). When property is damaged, as opposed to destroyed, the amount of pecuniary loss is determined by the cost of repairing or restoring the damaged property within a reasonable time after the damage occurred. TEX. PENAL CODE ANN. §§ 28.03(a)(1), 28.06(b) (West 2011); *Holz v. State*, 320 S.W.3d 344, 345 (Tex.Crim.App. 2010).

2

The State is not required to present expert testimony at trial to prove the cost of repair, but an unsupported lay opinion as to damage, without more, is insufficient to prove the cost of repair in a criminal mischief trial. TEX. PENAL CODE ANN. §§ 28.03(a)(1), 28.06(b) (West 2011); *Holz*, 320 S.W.3d at 345, 349.

The criminal mischief count in the indictment alleged that Appellant caused pecuniary loss to the owner of the property in excess of $200,000. An Arby's restaurant was the anchor tenant of the property that Appellant burned. At trial, Bob Bollinger, an owner of the property and building where the Arby's restaurant had been located, testified that the property was insured and stated the total loss of the property was "somewhere around $400,000.[00], I believe[.]" Bollinger testified that although he had considered rebuilding the property for Arby's or another fast-food restaurant, the cost to do so was approximately $1,000,000 and "it was too risky for them to have that kind of investment on it at that spot." He further explained that, "[W]e were not able to put any other type of restaurant on the space. That's been two years now. We advertised plenty, but there's been no serious interest." Bollinger explained that his insurance carrier had paid "some money when it was all over with" for the damage to the building as well as less than one-year's rent.[3]

The State attempted to elicit evidence of pecuniary loss from Haltom City Fire Marshall, Fred Napp, a master arson investigator. However, upon asking whether Fire Marshall Napp had an opinion, based on his years of experience and training, whether the loss was greater than $200,000, Appellant's counsel conducted a voir dire examination, which established that Fire Marshall Napp was not an engineer, architect, draftsman, had not worked in construction, did not know the price of concrete or other materials or supplies, and that his reports contained no information regarding the rebuilding of Bollinger's property. Because the trial court sustained

---

[3] The rent was $45,000 per year.

3

Appellant's objection, Fire Marshall Napp presented no evidence of pecuniary loss.

No other evidence of any kind was presented in support of Bollinger's testimony. No evidence was presented regarding the fair market value of the property or the cost of replacing the property if destroyed, or regarding the cost of repairing or restoring the damaged property.

Having considered all of the evidence, we find the evidence is legally insufficient to prove a pecuniary loss in excess of $200,000. TEX. PENAL CODE ANN. §§ 28.03(a)(1), 28.06(b) (West 2011); *Holz*, 320 S.W.3d at 345, 349. Appellant's sole issue on appeal is sustained.

## CONCLUSION

The trial court's judgment convicting Appellant of criminal mischief with pecuniary loss of more than $200,000 is reversed and a judgment of acquittal is rendered.


GUADALUPE RIVERA, Justice

May 15, 2013

Before McClure, C.J., Rivera, and Antcliff, JJ.
Antcliff, J., not participating

(Do Not Publish)

4