

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-11-00483-CR

JUAN FRANSISCO SANCHEZ                                        APPELLANT

V.

THE STATE OF TEXAS                                                  STATE

----------

### FROM THE 372ND DISTRICT COURT OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

### Introduction

A jury convicted Appellant Juan Fransisco Sanchez of burglary of a habitation. The trial court assessed his punishment at twelve years' confinement and sentenced him accordingly. In a single issue, Appellant claims that the trial

---

[1]*See* Tex. R. App. P. 47.4.

court erred by failing to instruct the jury to disregard remarks the prosecutor made during closing argument that were outside the record. We affirm.

## Brief Summary of the Facts

A woman watched two men burgle her neighbor's house around two o'clock one afternoon. Although she was unable to identify the driver of the white SUV the burglars were using, she was able to identify the second man as Appellant. She was less certain of her identification at trial, partly because Appellant had darker hair and a mustache at trial, and she did not remember the man she saw committing the burglary having facial hair.

The police, however, were able to identify Jonathan Guzmán Franco as the owner and driver of the SUV. He agreed to testify against Appellant in exchange for a six-month sentence.

## Jury-Argument Claim Not Preserved

Appellant claims that the State impermissibly argued matters outside the record to bolster Franco's testimony. Appellant timely objected to the argument of which he now complains but did not receive an adverse ruling from the trial court. Instead, the trial court responded,

> I'll just advise the jurors that what the lawyers say is not evidence. You just have to use your own recall of the testimony or your own reasonable deductions from the evidence, from the testimony. What the lawyers say is not testimony.
>
> You may continue.

2

In order to have preserved a complaint for appellate review, a party must have presented to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling if those grounds are not apparent from the context of the request, objection, or motion.  Tex. R. App. P. 33.1(a)(1)(A); *Layton v. State*, 280 S.W.3d 235, 238–39 (Tex. Crim. App. 2009).  In addition, the complaining party must have obtained an adverse ruling from the trial judge or objected to the judge's refusal to rule.  *Moff v. State*, 131 S.W.3d 485, 489 (Tex. Crim. App. 2004).

On the record before us, there is no ruling on Appellant's objection to the State's jury argument nor is there any objection to the trial judge's failure to rule. The record also does not show that Appellant asked the trial court to instruct the jury to disregard the remarks of which he complained.  We hold, therefore, that Appellant has not preserved his complaint for review.

## Conclusion

Because Appellant has not preserved his claim for review, we overrule his sole issue and affirm the trial court's judgment.

/s/ Anne Gardner
ANNE GARDNER
JUSTICE

PANEL: LIVINGSTON, C.J.; DAUPHINOT and GARDNER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  June 19, 2014

3