COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-04-321-CR
  
  
SYLVESTER 
LEE MACK A/K/A                                                 APPELLANT
SYLVESTER 
MACK
   
V.
   
THE 
STATE OF TEXAS                                                                  STATE
  
  
------------
 
FROM 
THE 235TH DISTRICT COURT OF COOKE COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
 
        Sylvester 
Lee Mack a/k/a Sylvester Mack appeals from his conviction for possession of less 
than one gram of cocaine. In four points, appellant complains that the trial 
court erred by admitting evidence of the offense allegedly in appellant’s 
possession for which a proper chain of custody had not been established, 
allowing the State to present extraneous offense evidence, not granting a new 
trial because the evidence is factually insufficient to support the jury’s 
verdict, and stacking appellant’s sentence onto a prior sentence for which 
parole had not been revoked at the time of sentencing. We will affirm.
        In 
his first point, appellant contends that the trial court abused its discretion 
by admitting into evidence two virtually identical glass “crack 
pipes.”  Appellant asserts that the pipes should not have been admitted 
into evidence because the State did not establish a proper chain of custody 
showing which pipe was taken from appellant.
        Although 
appellant objected to admission of the pipes at the time they were offered into 
evidence, the same or similar evidence was admitted elsewhere without 
objection.  For example, well before the pipes were offered into evidence, 
Officer James Landry, one of the arresting officers, identified them and 
testified that one of the pipes was taken from appellant’s shoe after his 
arrest and the other was taken from the driver’s side of the vehicle in which 
appellant had been riding as a passenger. Therefore, appellant has forfeited 
this complaint on appeal.[2]  We overrule 
appellant’s first point.
        In 
his second point, appellant complains that the trial court erred by allowing the 
State to present extraneous offense evidence in violation of the defense’s 
motion in limine.
        Appellant 
filed a pretrial motion in limine asking the trial court to order the prosecutor 
not to mention or allude to testimony or documentary evidence concerning 
appellant’s alleged possession of marijuana or “other transactions [besides 
the charged offense] involving controlled substances.” The trial court granted 
the motion. When the State questioned Officer Landry at trial about the crack 
pipe taken out of appellant’s shoe, appellant objected that this evidence was 
sought in violation of the motion in limine. This complaint is forfeited 
because, later in the trial, another officer testified without objection that 
two pipes were found: one in appellant’s shoe and the other in the fold of the 
seat on the driver’s side of the vehicle in which appellant had been riding as 
a passenger.[3]
        Finally, 
appellant contends that the trial court’s erroneous overruling of his 
objection regarding the motion in limine “precipitated” other extraneous 
offense testimony from Joshua Edington, appellant’s codefendant, that 
appellant was a cocaine dealer. This complaint is also forfeited. Although 
appellant objected initially to Edington’s testimony concerning appellant’s 
alleged drug dealing, Edington later testified twice without objection that he 
had “bought [cocaine] off [appellant].”[4]  
Accordingly, we overrule appellant’s second point.
        In 
his third point, appellant asserts that the trial court improperly overruled his 
motion for new trial because the evidence is factually insufficient[5] to support his conviction. Appellant asserts that 
Edington’s testimony about appellant’s cocaine possession is not 
sufficiently corroborated and that, without it, the evidence is insufficient to 
show that appellant exercised care, custody, control, or management over the 
cocaine.
        A 
person commits an offense if he knowingly or intentionally possesses less than 
one gram of cocaine.[6]  When an accused is 
charged with unlawful possession of cocaine, the State must prove: (1) the 
defendant exercised actual care, custody, control, or management over the 
contraband and (2) the accused knew the object he possessed was contraband.[7]  While the element of possession may be proved by 
circumstantial evidence, such evidence must affirmatively link the defendant to 
the offense, so that one may reasonably infer the defendant knew of the 
contraband's existence and exercised control over it.[8]
        Further, 
a conviction cannot be had upon the testimony of an accomplice unless 
corroborated by other evidence tending to connect the defendant with the offense 
committed.[9]  The corroboration is not 
sufficient if it merely shows the commission of the offense.[10]
        The 
test for deciding whether there is sufficient corroboration is to eliminate from 
consideration the evidence of the accomplice witness and then to examine the 
evidence of the other witnesses to ascertain if there is evidence of 
incriminating character that tends to connect the defendant with the commission 
of the offense.[11]  The corroborative testimony 
need only tend to link the accused with the commission of the offense; it need 
not directly link the accused to the crime or be sufficient in itself to 
establish guilt.[12]   All facts, both 
direct and circumstantial, may be examined to ascertain whether sufficient 
corroboration exists.[13]
        Edington, 
appellant’s codefendant, testified as follows. On the date of the offense, he 
had gone to the Wagon Inn to buy crack cocaine. Edington did not find his usual 
supplier at the Wagon Inn, but he talked with appellant about getting some. At 
appellant’s direction, the two rode in Edington’s truck to a house. 
Appellant went inside the house and returned with three rocks of cocaine, one of 
which he gave to Edington. As soon as appellant gave him the cocaine, Edington 
put it in the ashtray of his truck. Shortly thereafter, Edington and appellant 
were stopped by Officer Landry, who saw the cocaine in the ashtray and a crack 
pipe on the seat of the truck. Meanwhile, appellant put his two rocks of cocaine 
in his mouth, although Edington did not know whether he swallowed them.
        This 
evidence is factually sufficient to establish that appellant exercised care, 
custody, and control of and management over all three rocks of cocaine and knew 
that the substance was cocaine.[14]
        To 
determine whether Edington’s testimony is sufficiently corroborated, however, 
we consider only the evidence adduced from witnesses other than Edington. That 
evidence is as follows. At 3:15 in the morning, while on patrol, Officer Landry 
pulled up behind a parked truck that, moments before, had seemed to be trying to 
evade him. The truck’s two occupants, appellant and Edington, were hunched 
down so that Landry could barely see the tops of their heads. Edington, the 
driver, told Officer Landry that appellant’s name was “Teddy” and that 
they worked together in the oil fields. Appellant, on the other hand, gave 
Officer Landry a Texas identification card that identified him as Sylvester Mack 
and told Landry that he had just hitched a ride with Edington. When confronted 
with the discrepancies in the two men’s stories, appellant said that he was 
not employed but had just met Edington a few moments before and had spoken to 
him about getting work in the oil fields.
        In 
addition, Officer Landry noticed a small rock of what appeared to him to be 
crack cocaine in the ashtray of the truck, between the driver’s and 
passenger’s seats. The cocaine was within appellant’s reach and easily 
within his view. Later, when appellant took off his shoes at jail, a crack pipe 
was found in one of them.
        These 
facts tend to link appellant with the care, custody, or control of the cocaine.[15]  Therefore, Edington’s testimony was sufficiently 
corroborated so that the jury could consider it in deciding whether the evidence 
showed beyond a reasonable doubt that appellant had committed the charged 
offense, and the trial court did not abuse its discretion by overruling 
appellant’s motion for new trial.[16]  We 
overrule appellant’s third point.
        In 
his fourth point, appellant complains that the trial court erred by stacking his 
sentence in this case onto a prior sentence for a cocaine possession conviction 
in Cause No. F-9500574-KI because his parole for the prior offense had not been 
revoked at the time of sentencing. Without the benefit of legal authority, 
appellant asserts that his state and federal constitutional rights to 
substantive due process may have been violated by the trial court’s ruling. 
Appellant also complains that he was never given an administrative hearing to 
determine whether his parole in Cause No. F-9500574-KI should be revoked.
        Appellant 
did not, however, object to the stacking of his sentences at the time the trial 
court pronounced its ruling, nor did he raise his constitutional challenge 
below. Therefore, appellant has forfeited these complaints on appeal.[17]
        Further, 
whether appellant was given an administrative hearing regarding his parole 
revocation in Cause No. F-9500574-KI is not a matter of record in this appeal. 
Consequently, we cannot consider appellant’s complaint that no hearing 
occurred.[18]  We overrule appellant’s fourth 
point and affirm the trial court’s judgment.
  
  
                                                                  PER 
CURIAM
  
  
  
PANEL 
F:   CAYCE, C.J.; GARDNER and WALKER, JJ.
 
DO 
NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: 
May 26, 2005


NOTES
1.  
See Tex. R. App. P. 47.4.
2.  
See Leday v. State, 983 S.W.2d 713, 718 (Tex. Crim. App. 1998); see 
also Stults v. State, 23 S.W.3d 198, 205-06 (Tex. App.—Houston [14th 
Dist.] 2000, pet. ref’d) (holding that appellant seeking to suppress allegedly 
illegally seized item must object before substantial testimony is given 
regarding it).
3.  
See Fuentes v. State, 991 S.W.2d 267, 273 (Tex. Crim. App.) (holding 
that, to preserve error, objecting party must continue to object each time 
objectionable evidence is offered), cert. denied, 528 U.S. 1026 (1999).
4.  
See id.
5.  
Appellant complains that the trial court erred by denying his motion for new 
trial because the evidence is “insufficient” to sustain the guilty verdict; 
therefore, we interpret this complaint as a factual sufficiency challenge. Compare 
Clewis v. State, 922 S.W.2d 126, 135 (Tex. Crim. App. 1996) (stating that 
new trial is proper remedy when evidence is factually insufficient) with Moff 
v. State, 131 S.W.3d 485, 489 (Tex. Crim. App. 2004) (noting that acquittal 
is proper remedy when evidence is legally insufficient).
6.  
See Tex. Health & Safety Code 
Ann. § 481.102(3)(D) (Vernon Supp. 2004-05), § 481.115(a)-(b) (Vernon 
2003).
7.  
See Hyett v. State, 58 S.W.3d 826, 830 (Tex. App.—Houston [14th Dist.] 
2001, pet. ref’d).
8.  
See McGoldrick v. State, 682 S.W.2d 573, 578 (Tex. Crim. App. 1985); Hyett, 
58 S.W.3d at 830.
9.  
Tex. Code Crim. Proc. Ann. art. 
38.14 (Vernon 2005).
10.  
Id.
11.  
Gosch v. State, 829 S.W.2d 775, 777 (Tex. Crim. App. 1991), cert. 
denied, 509 U.S. 922 (1993); Reed v. State, 744 S.W.2d 112, 125 (Tex. 
Crim. App. 1988).
12.  
Gosch, 829 S.W.2d at 777.
13.  
Id.
14.  
See McGoldrick, 628 S.W.2d at 578; Hyett, 58 S.W.3d at 830; see 
also Zuniga v. State, 144 S.W.3d 477, 481, 484 (Tex. Crim. App. 2004) 
(setting out factual sufficiency standard of review).
15.  
See Gosch, 829 S.W.2d at 777; Hyett, 58 S.W.3d at 830.
16.  
See Charles v. State, 146 S.W.3d 204, 208 (Tex. Crim. App. 2004) (stating 
that appellate court reviews trial court’s denial of motion for new trial 
under abuse of discretion standard).
17.  
See Tex. R. App. P. 
33.1(a); Mendez v. State, 138 S.W.3d 334, 342 (Tex. Crim. App. 2004); Curry 
v. State, 910 S.W.2d 490, 496 & n.2 (Tex. Crim. App. 1995).
18.  
See Hernandez v. State, 84 S.W.3d 26, 32-33 (Tex. App.—Texarkana 2002, 
pet. ref’d) (holding that appellate court may not review matters outside the 
appellate record).  Appellant cites no legal authority to support his 
assertion that the trial court’s stacking of his sentences is void because he 
did not receive an administrative hearing on his parole revocation.  
Accordingly, we will not consider this argument.  See Tex. R. App. P. 38.1(h); see also Ex 
parte Madding, 70 S.W.3d 131, 134-35 (Tex. Crim. App. 2002) (disavowing use 
of the term “void” in connection with improperly stacked sentences).