Mack v. State

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-04-321-CR

SYLVESTER LEE MACK A/K/A APPELLANT

SYLVESTER MACK

V.

THE STATE OF TEXAS STATE

------------

FROM THE 235TH DISTRICT COURT OF COOKE COUNTY

------------

MEMORANDUM 
OPINION
(footnote: 1)

------------

Sylvester Lee Mack a/k/a Sylvester Mack appeals from his conviction for possession of less than one gram of cocaine.  In four points, appellant complains that the trial court erred by admitting evidence of the offense allegedly in appellant’s possession for which a proper chain of custody had not been established, allowing the State to present extraneous offense evidence, not granting a new trial because the evidence is factually insufficient to support the jury’s verdict, and stacking appellant’s sentence onto a prior sentence for which parole had not been revoked at the time of sentencing.  We will affirm.

In his first point, appellant contends that the trial court abused its discretion by admitting into evidence two virtually identical glass “crack pipes.”  Appellant asserts that the pipes should not have been admitted into evidence because the State did not establish a proper chain of custody showing which pipe was taken from appellant. 

Although appellant objected to admission of the pipes at the time they were offered into evidence, the same or similar evidence was admitted elsewhere without objection.  
For example, well before the pipes were offered into evidence, Officer James Landry, one of the arresting officers, identified them and testified that one of the pipes was taken from appellant’s shoe after his arrest and the other was taken from the driver’s side of the vehicle in which appellant had been riding as a passenger.  Therefore, appellant has forfeited this complaint on appeal.
(footnote: 2)  We overrule appellant’s first point.

In his second point, appellant complains that the trial court erred by allowing the State to present extraneous offense evidence in violation of the defense’s motion in limine. 

Appellant filed a pretrial motion in limine asking the trial court to order the prosecutor not to mention or allude to testimony or documentary evidence concerning appellant’s alleged possession of marijuana or “other transactions [besides the charged offense] involving controlled substances.”  The trial court granted the motion.  When the State questioned Officer Landry at trial about the crack pipe taken out of appellant’s shoe, appellant objected that this evidence was sought in violation of the motion in limine.  This complaint is forfeited because, later in the trial, another officer testified without objection that two pipes were found:  one in appellant’s shoe and the other in the fold of the seat on the driver’s side of the vehicle in which appellant had been riding as a passenger.
(footnote: 3) 

Finally, appellant contends that the trial court’s erroneous overruling of his objection regarding the motion in limine “precipitated” other extraneous offense testimony from Joshua Edington, appellant’s codefendant, that appellant was a cocaine dealer.  This complaint is also forfeited.  Although appellant objected initially to Edington’s testimony concerning appellant’s alleged drug dealing, Edington later testified twice without objection that he had “bought [cocaine] off [appellant].”
(footnote: 4)  Accordingly, we overrule appellant’s second point.

In his third point, appellant asserts that the trial court improperly overruled his motion for new trial because the evidence is factually insufficient
(footnote: 5) to support his conviction.  Appellant asserts that Edington’s testimony about appellant’s cocaine possession is not sufficiently corroborated and that, without it, the evidence is insufficient to show that appellant exercised care, custody, control, or management over the cocaine. 

A person commits an offense if he knowingly or intentionally possesses less than one gram of cocaine.
(footnote: 6)  When an accused is charged with unlawful possession of cocaine, the State must prove:  (1) the defendant exercised actual care, custody, control, or management over the contraband and (2) the accused knew the object he possessed was contraband.
(footnote: 7)  While the element of possession may be proved by circumstantial evidence, such evidence must affirmatively link the defendant to the offense, so that one may reasonably infer the defendant knew of the contraband's existence and exercised control over it.
(footnote: 8)
 Further, a conviction cannot be had upon the testimony of an accomplice unless corroborated by other evidence tending to connect the defendant with the offense committed.
(footnote: 9)  The corroboration is not sufficient if it merely shows the commission of the offense.
(footnote: 10)
 The test for deciding whether there is sufficient corroboration is to eliminate from consideration the evidence of the accomplice witness and then to examine the evidence of the other witnesses to ascertain if there is evidence of incriminating character that tends to connect the defendant with the commission of the offense.
(footnote: 11)  The corroborative testimony need only tend to link the accused with the commission of the offense; it need not directly link the accused to the crime or be sufficient in itself to establish guilt.
(footnote: 12)  All facts, both direct and circumstantial, may be examined to ascertain whether sufficient corroboration exists.
(footnote: 13)
 Edington, appellant’s codefendant, testified as follows.  On the date of the offense, he had gone to the Wagon Inn to buy crack cocaine.  Edington did not find his usual supplier at the Wagon Inn, but he talked with appellant about getting some.  At appellant’s direction, the two rode in Edington’s truck to a house.  Appellant went inside the house and returned with three rocks of cocaine, one of which he gave to Edington.  As soon as appellant gave him the cocaine, Edington put it in the ashtray of his truck.  Shortly thereafter, Edington and appellant were stopped by Officer Landry, who saw the cocaine in the ashtray and a crack pipe on the seat of the truck.  Meanwhile, appellant put his two rocks of cocaine in his mouth, although Edington did not know whether he swallowed them. 

This evidence is factually sufficient to establish that appellant exercised care, custody, and control of and management over all three rocks of cocaine and knew that the substance was cocaine.
(footnote: 14)
 To determine whether Edington’s testimony is sufficiently corroborated, however, we consider only the evidence adduced from witnesses other than Edington.  That evidence is as follows.  At 3:15 in the morning, while on patrol, Officer Landry pulled up behind a parked truck that, moments before, had seemed to be trying to evade him.  The truck’s two occupants, appellant and Edington, were hunched down so that Landry could barely see the tops of their heads.  Edington, the driver, told Officer Landry that appellant’s name was “Teddy” and that they worked together in the oil fields.  Appellant, on the other hand, gave Officer Landry a Texas identification card that identified him as Sylvester Mack and told Landry that he had just hitched a ride with Edington. When confronted with the discrepancies in the two men’s stories, appellant said that he was not employed but had just met Edington a few moments before and had spoken to him about getting work in the oil fields. 

In addition, Officer Landry noticed a small rock of what appeared to him to be crack cocaine in the ashtray of the truck, between the driver’s and passenger’s seats.  The cocaine was within appellant’s reach and easily within his view.  Later, when appellant took off his shoes at jail, a crack pipe was found in one of them. 

These facts tend to link appellant with the care, custody, or control of the cocaine.
(footnote: 15)  Therefore, Edington’s testimony was sufficiently corroborated so that the jury could consider it in deciding whether the evidence showed beyond a reasonable doubt that appellant had committed the charged offense, and the trial court did not abuse its discretion by overruling appellant’s motion for new trial.
(footnote: 16)  We overrule appellant’s third point.

In his fourth point, appellant complains that the trial court erred by stacking his sentence in this case onto a prior sentence for a cocaine possession conviction in Cause No. F-9500574-KI because his parole for the prior offense had not been revoked at the time of sentencing.  Without the benefit of legal authority, appellant asserts that his state and federal constitutional rights to substantive due process may have been violated by the trial court’s ruling.  Appellant also complains that he was never given an administrative hearing to determine whether his parole in Cause No. F-9500574-KI should be revoked. 

Appellant did not, however, object to the stacking of his sentences at the time the trial court pronounced its ruling, nor did he raise his constitutional challenge below.  Therefore, appellant has forfeited these complaints on appeal.
(footnote: 17)
 Further, whether appellant was given an administrative hearing regarding his parole revocation in Cause No. F-9500574-KI is not a matter of record in this appeal.  Consequently, we cannot consider appellant’s complaint that no hearing occurred.
(footnote: 18)  We overrule appellant’s fourth point and affirm the trial court’s judgment.

PER CURIAM

PANEL F: CAYCE, C.J.; GARDNER and WALKER, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED: May 26, 2005

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
See Leday v. State,
 983 S.W.2d 713, 718 (Tex. Crim. App. 1998); 
see also Stults v. State,
 23 S.W.3d 198, 205-06 (Tex. App.—Houston [14th Dist.] 2000, pet. ref’d) (holding that appellant seeking to suppress allegedly illegally seized item must object before substantial testimony is given regarding it).

3:
See Fuentes v. State,
 991 S.W.2d 267, 273 (Tex. Crim. App.) (holding that, to preserve error, objecting party must continue to object each time objectionable evidence is offered), 
cert. denied,
 528 U.S. 1026 (1999).

4: 
See id.

5:
Appellant complains that the trial court erred by denying his motion for new trial because the evidence is “insufficient” to sustain the guilty verdict; therefore, we interpret this complaint as a factual sufficiency challenge.  
Compare Clewis v. State,
 922 S.W.2d 126, 135 (Tex. Crim. App. 1996) (stating that new trial is proper remedy when evidence is factually insufficient) 
with
 
Moff v. State,
 131 S.W.3d 485, 489 (Tex. Crim. App. 2004) (noting that acquittal is proper remedy when evidence is legally insufficient).

6:
See
 
Tex. Health & Safety Code Ann.
 § 481.102(3)(D) (Vernon Supp. 2004-05), § 481.115(a)-(b) (Vernon 2003).

7:
See Hyett v. State,
 58 S.W.3d 826, 830 (Tex. App.—Houston [14th Dist.] 2001, pet. ref’d).

8:
See McGoldrick v. State,
 682 S.W.2d 573, 578 (Tex. Crim. App. 1985);  
Hyett,
 58 S.W.3d at 830.

9:
Tex. Code Crim. Proc. Ann.
 art. 38.14 (Vernon 2005).

10:
Id.

11:
Gosch v. State,
 829 S.W.2d 775, 777 (Tex. Crim. App. 1991), 
cert. denied
, 509 U.S. 922 (1993); 
Reed v. State,
 744 S.W.2d 112, 125 (Tex. Crim. App. 1988).

12:
Gosch,
 829 S.W.2d at 777.

13:
Id.

14:
See McGoldrick,
 628 S.W.2d at 578; 
Hyett,
 58 S.W.3d at 830; 
see also Zuniga v. State,
 
144 S.W.3d 477, 481, 484 (Tex. Crim. App. 2004)
 (setting out factual sufficiency standard of review).

15:
See Gosch,
 829 S.W.2d at 777; 
Hyett,
 58 S.W.3d at 830.

16:
See Charles v. State,
 146 S.W.3d 204, 208 (Tex. Crim. App. 2004) (stating that appellate court reviews trial court’s denial of motion for new trial under abuse of discretion standard).

17:
See
 
Tex. R. App. P.
 33.1(a); 
Mendez v. State,
 138 S.W.3d 334, 342 (Tex. Crim. App. 2004); 
Curry v. State,
 910 S.W.2d 490, 496 & n.2 (Tex. Crim. App. 1995).

18:
See Hernandez v. State,
 84 S.W.3d 26, 32-33 (Tex. App.—Texarkana 2002, pet. ref’d) (holding that appellate court may not review matters outside the appellate record).  Appellant cites no legal authority to support his assertion that the trial court’s stacking of his sentences is void because he did not receive an administrative hearing on his parole revocation.  Accordingly, we will not consider this argument.  
See
 
Tex. R. App. P.
 38.1(h); 
see also Ex parte Madding,
 70 S.W.3d 131, 134-35 (Tex. Crim. App. 2002) (disavowing use of the term “void” in connection with improperly stacked sentences).