Opinion filed September 25, 2008











 
 
  
 
 







 
 
  
 
 




Opinion filed September
25, 2008

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh
Court of Appeals

                                                                 ____________

 

                                                          No. 11-07-00254-CR 

                                                     __________

 

                              CARRIE
ELAINE JOHNSON, Appellant

 

                                                             V.

 

                                        STATE
OF TEXAS, Appellee

 



 

                                         On
Appeal from the 104th District Court 

 

                                                          Taylor
County, Texas

 

                                                  Trial
Court Cause No. 16497B

 



 

                                              M
E M O R A N D U M   O P I N I O N

The
jury convicted Carrie Elaine Johnson of possession of less than one gram of
cocaine.  Johnson pleaded true to two prior felony convictions, and the trial
court assessed her punishment at eight years confinement.  We affirm.

                                                             I. 
Background Facts








On
August 17, 2006, Abilene police officers executed a search warrant on an apartment
in Abilene.  There were three people in the living room area.  Johnson was
lying on a couch along the east wall, and Kenneth Hampton and Dawn Renee
Zimmerlee were on a couch on the opposite wall.  Drug paraphernalia was in
plain sight, and during their search, the officers found traces of cocaine, a
crack pipe, and pieces of a Chore Boy.  Johnson admitted that she had smoked
cocaine that morning and that the drug traces and paraphernalia were hers.

                                                              II. 
Issues on Appeal

Johnson
challenges her conviction with three issues.  Johnson argues that the evidence
is legally or, alternatively, factually insufficient, and that the trial court
erred by refusing to allow her to challenge the legality of the search.

                                                                    III. 
Analysis        

A. 
Sufficiency of the Evidence.

Johnson
argues that the evidence was insufficient because the State did not adequately
link her to the cocaine found in her apartment.  The State was required to
prove that Johnson exercised control, management, or care over the cocaine
found in the apartment and that she knew it was contraband.  Brown v. State,
243 S.W.3d 141, 148 (Tex. App.CEastland
2007, pet. ref=d). 
The State also must establish that Johnson=s
connection with the cocaine was more than fortuitous.  Texas courts utilize an
affirmative link rule that is designed to protect innocent bystanders from
conviction merely because of their proximity to someone else=s drugs.  Evans v. State,
202 S.W.3d 158, 161 (Tex. Crim. App. 2006).  This rule is not an independent
test of legal sufficiency, but a shorthand catchphrase for a large variety of
circumstantial evidence that may be considered.  Id. at 161-62 n.9.[1] 
It is not the number of factors that link the defendant to the contraband but
the logical force of all the evidence, direct and circumstantial, that must be
considered.  Id. at 162.

1.  Standard
of Review.  








To
determine if the evidence is legally sufficient, we review all of the evidence
in the light most favorable to the verdict and determine whether any rational
trier of fact could have found the essential elements of the crime beyond a
reasonable doubt.  Jackson v. Virginia, 443 U.S. 307, 319 (1979); Jackson
v. State, 17 S.W.3d 664, 667 (Tex. Crim. App. 2000).  The factfinder is the
sole judge of the credibility of the witnesses and the weight to be given their
testimony.  Adelman v. State, 828 S.W.2d 418, 421 (Tex. Crim. App.
1992).  The factfinder may choose to believe or disbelieve all or any part of
any witness=s
testimony.  Sharp v. State, 707 S.W.2d 611, 614 (Tex. Crim. App. 1986).

To
determine if the evidence is factually sufficient, the appellate court reviews
all of the evidence in a neutral light.  Watson v. State, 204 S.W.3d
404, 414 (Tex. Crim. App. 2006).  Then, the reviewing court determines whether
the evidence supporting the verdict is so weak that the verdict is clearly
wrong and manifestly unjust or whether the verdict is against the great weight
and preponderance of the conflicting evidence.  Id. at 414-15.

2.  The
Evidence.

Abilene
Police Officer Les Bruce testified that he was assigned to the department=s Narcotics Division.  On
August 17, he obtained a search warrant for Johnson=s apartment.  When the officers entered the
apartment, they found three people in the living room.  Johnson was lying on a
couch.  Her brother, Hampton, and his girlfriend, Zimmerlee, were sitting on
another couch.  A fourth individual was spotted walking away from the apartment
and was also detained.

Officer
Bruce noticed some drug paraphernalia in plain sight, and during their search,
officers found traces of white powder and white rock-like substances, a crack
pipe, and Chore Boy pads.  Johnson repeatedly told Officer Bruce that she was
just a crack smoker, that she did not sell cocaine, and that everything in the
apartment belonged to her.  Neither Hampton nor Zimmerlee claimed possession of
any item seized for testing.  Lab testing confirmed that white powder found on
a coffee table in the living room was cocaine, that a clear plastic ziplock bag
found under the couch Johnson was lying on contained traces of cocaine, and
that a trace amount of cocaine was in Johnson=s
bedroom.

During
cross-examination, Officer Bruce acknowledged that no cocaine was found on
Johnson=s body, in her
clothes, or on her person.  Officer Bruce testified that the three people in
the living room were all approximately the same distance from the coffee table
and that they found a crack pipe in Zimmerlee=s
purse.  Officer Bruce also testified that he had known Hampton for years and
that he knew Hampton had been on parole.








When
the evidence is viewed in the light most favorable to the verdict, it is
legally sufficient.  The jury heard evidence that the apartment belonged to
Johnson, that drug paraphernalia was in plain sight, that cocaine was found
under the couch on which she was lying, that cocaine was found in her bedroom,
that Johnson admitted smoking cocaine earlier that morning, and that she
claimed ownership of the drugs and drug paraphernalia in her apartment.  Issue
One is overruled.

When
the evidence is viewed in a neutral light, it is factually sufficient.  Johnson
notes that two other people were present in the apartment, that no cocaine was
found on her but Zimmerlee had a crack pipe in her purse, and that she made no
attempt to escape or flee.  Johnson acknowledges the testimony that she claimed
possession of the drugs and paraphernalia found in her apartment but suggests
that, because Hampton was on parole, she had a reason to falsely claim them. 
While we view the evidence in a neutral light, we must give the evidence
whatever weight and probative value it could rationally convey to a jury.  See
Moff v. State, 131 S.W.3d 485, 489 (Tex. Crim. App. 2004).  Ultimately,
determining whether Johnson was being truthful or was covering for someone else
is for the jury to decide.  See Tex.
Code Crim. Proc. Ann. art. 36.13 (Vernon 2007) (jury is the sole judge
of the credibility of the witnesses and the weight to be given their
testimony).

Because
Johnson was indicted for possession of less than one gram, it was unnecessary
for the jury to conclude that all of the cocaine traces found in her apartment
belonged to her.  The jury could have reasonably determined that Johnson was
telling Officer Bruce the truth when she claimed possession of the drugs, that
she owned the cocaine found under her couch, or that she owned the cocaine
found in her bedroom.  Issue Two is overruled.

B. 
Challenge to the Legality of the Search.

Officer
Bruce testified that he obtained his search warrant based upon information he
received from a confidential informant.  Johnson asked him if the informant had
a criminal record, and Officer Bruce objected.  The trial court asked
the State if Officer Bruce=s
statement reflected its position.  The State adopted Officer Bruce=s objection, and the court
excused the jury to conduct a hearing.  The State argued that any objection to
the search warrant was untimely.  Johnson responded that she was not trying to
challenge the search warrant itself but was merely trying to raise an issue of
credibility concerning the initial search.  She indicated that the informant=s motive might be suspect. 
The trial court held that the confidential informant=s identity, including information that could
help identify the informant, was inadmissible and sustained the State=s objection on that basis. 









Johnson
phrases her third issue as:  AThe
trial court erred in refusing to allow Appellant to challenge the legality of
the search during trial.@ 
The State responds that this issue was not preserved.  We agree.  Trial counsel
specifically advised the court that she was not challenging the warrant
itself.  Johnson cannot now take the opposite position before this court.  See
Tex. R. App. P. 33.1 (to
preserve error, there must be a timely, specific request, objection, or
motion).  Moreover, the trial court=s
ruling merely prevented Johnson from eliciting information that would identify
the confidential informant.  It did not prevent her from challenging the
informant=s
reliability and veracity.  Johnson was allowed to ask Officer Bruce if the
informant had provided him with good information before, about the informant=s experience with cocaine,
and whether the informant used drugs personally.  Issue Three is overruled.

                                                                    IV. 
Holding

The
judgment of the trial court is affirmed. 

 

 

RICK STRANGE

            JUSTICE

 

September 25, 2008

Do not publish.  See Tex. R. App. P. 47.2(b).

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.









[1]See Olivarez v. State, 171 S.W.3d 283, 291 (Tex. App.CHouston
[14th Dist.] 2005, no pet.) (listing fourteen possible affirmative links that
can establish possession of contraband).