*Court Of Appeals*
*Fourth Court of Appeals District of Texas*
*San Antonio*

# MEMORANDUM OPINION

No. 04-08-00714-CR

Jake Robert **BLANCARTE**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the County Court at Law No. 7, Bexar County, Texas
Trial Court No. 977382
Honorable Monica E. Guerrero, Judge Presiding

Opinion by:    Catherine Stone, Chief Justice

Sitting:       Catherine Stone, Chief Justice
               Karen Angelini, Justice
               Marialyn Barnard, Justice

Delivered and Filed:   July 15, 2009

AFFIRMED

Jake Blancarte was convicted of assault and he was sentenced to one year in jail, probated for twenty-four months, and fined $4,000.  We affirm the trial court's judgment.

## BACKGROUND

On August 18, 2006, San Antonio Police Officer Edward Beltran was dispatched to the scene of a reported assault.  When he arrived at the scene, Officer Beltran found the complainant, Jennifer

Martinez, crying in the parking lot of her apartment complex.  Officer Beltran observed a knot on the left side of Martinez's head and an abrasion on her arm.  Martinez told Officer Beltran that she was assaulted by her boyfriend, Blancarte.  She further told Officer Beltran that Blancarte had yanked the telephone out of the wall when she attempted to call the police for assistance.

Officer Beltran spoke to Blancarte about the alleged incident when Blancarte returned to the apartment complex.  Blancarte admitted having an argument with Martinez when the couple were returning to their apartment, but denied assaulting Martinez inside their residence.  The record indicates Officer Beltran also  interviewed an eyewitness to the alleged assault, Jose Lopéz.  Lopéz, who is also Martinez's cousin, confirmed Martinez's version of the events concerning the assault.  Based on his observations and the statements he obtained, Officer Beltran arrested Blancarte for assault.

Blancarte was charged with the offenses of assault and interference with an emergency call.  At Blancarte's trial, the only witnesses to testify were Officer Beltran and Lopéz.  Officer Beltran provided testimony regarding Martinez's and Blancarte's statements to him after the alleged assault had occurred, while Lopéz testified about his recollection of the events he had witnessed between Martinez and Blancarte.  In addition to this testimony, the jury viewed photographs of the injuries Martinez sustained as a result of Blancarte's alleged assault.

After hearing all the evidence, a jury acquitted Blancarte on the charge of interference with an emergency call, but found Blancarte guilty of assault.  Blancarte was sentenced to one year in jail, probated for twenty-four months, and fined $4,000.  This appeal followed.

**DISCUSSION**

Blancarte complains the admission of any out-of-court statements to Officer Beltran regarding the assault violated his Sixth Amendment right of confrontation. He argues the statements were barred under *Crawford v. Washington*, 541 U.S. 36 (2004), and their admission constituted reversible error. In *Crawford*, the United States Supreme Court concluded that out-of-court statements by a witness, who fails to testify at trial, are barred by the Confrontation Clause of the constitution unless the witness is unavailable to testify and the accused had a prior opportunity to cross-examine the witness, regardless of whether such statements are deemed reliable under the rules of evidence. 541 U.S. at 59-69; *see Oveal v. State*, 164 S.W.3d 735, 739 n. 2 (Tex. App.—Houston [14th Dist.] 2005, pet. ref'd). The State contends Blancarte has not preserved his complaint because he failed to object under the Confrontation Clause at trial. We agree with the State.

When Officer Beltran offered his testimony relating to Martinez's and Blancarte's out-of-court statements during trial, Blancarte objected on hearsay grounds. An objection on the basis of hearsay, however, does not preserve error on Confrontation Clause grounds. *Reyna v. State*, 168 S.W.3d 173, 179 (Tex. Crim. App. 2005); *Paredes v. State*, 129 S.W.3d 530, 535 (Tex. Crim. App. 2004). Because Blancarte did not object on Confrontation Clause grounds during trial, we must conclude Blancarte failed to preserve this issue for our review. *See Reyna*, 168 S.W.3d at 179; *Paredes*, 129 S.W.3d at 535.

To the extent Blancarte complains on appeal that Officer Beltran's testimony constituted inadmissible hearsay that was admitted in violation of the rules of evidence, any error in the admission of this evidence was harmless. "The admission of inadmissible hearsay constitutes non-constitutional error, and it will be considered harmless if the appellate court, after examining

the record as a whole, is reasonably assured that the error did not influence the jury verdict or had but a slight effect." *Yanez v. State*, 199 S.W.3d 293, 308 (Tex. App.—Corpus Christi 2006, pet. ref'd). "Admission of inadmissible evidence is harmless error if other evidence that proves the same fact that the inadmissible evidence sought to prove is admitted without objection at trial." *Broderick v. State*, 35 S.W.3d 67, 75 (Tex. App.—Texarkana 2000, pet. ref'd).

The record indicates Lopéz was an eyewitness to Blancarte's assault on Martinez. Lopéz testified without objection about the events leading up to the assault, the assault itself, and how the incident ended. Because Lopéz's testimony proves the same facts that the alleged inadmissible evidence sought to prove, any error in admitting Officer Beltran's testimony is harmless.

Blancarte also alleges the State failed to lay the proper predicate or foundation for the admission of Officer Beltran's testimony. To preserve such error, however, Blancarte was required to "inform the court just how the predicate is deficient." *See Bird v. State*, 692 S.W.2d 65, 70 (Tex. Crim. App. 1985). Blancarte never informed the trial court exactly how the predicate was deficient and therefore failed to preserve his complaint for appellate review. *See id.*

Finally, Blancarte contends that without the allegedly improper hearsay testimony, the evidence is legally insufficient to support his conviction. Blancarte's contention that we may not consider the allegedly inadmissible hearsay when conducting our sufficiency review is incorrect. "[A]n appellate court must consider *all* evidence actually admitted at trial in its sufficiency review and give it whatever weight and probative value it could rationally convey to a jury." *Moff v. State*, 131 S.W.3d 485, 489 (Tex. Crim. App. 2004). Thus, even if the trial court erred in admitting Officer Beltran's testimony concerning the out-of-court statements, we must consider the improperly admitted testimony in assessing the sufficiency of the evidence. *See id.* at 489-90. Regardless of

Officer Beltran's testimony regarding the out-of-court statements, Lopéz provided detailed testimony about the events surrounding the assault. In light of Lopéz's testimony, we conclude the evidence is legally sufficient to support Blancarte's conviction.

## CONCLUSION

Based on the foregoing, the judgment of the trial court is affirmed.

Catherine Stone, Chief Justice

Do Not Publish