NO. 07-10-00199-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

APRIL 10, 2012

---

SERGIO VALADEZ, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

---

FROM THE 140TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2009-423,188; HONORABLE JIM BOB DARNELL, JUDGE

---

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant Sergio Valadez appeals his conviction for the offense of attempted sexual assault and the resulting sentence of two years of imprisonment. Through one issue, appellant argues the evidence was insufficient to support his conviction. We will modify the judgment of the trial court and affirm it as modified.

Background

Appellant was charged by an indictment that alleged he attempted to cause the penetration of the female sexual organ of the complainant by his penis, without the

complainant's consent and that his attempt amounted to more than mere preparation that tended but failed to effect the commission of the offense intended.[1]  Appellant plead not guilty and the cause was tried to a jury.

Testimony showed that appellant was employed by a cotton gin in Idalou, Lubbock County, and occupied an apartment in an apartment unit provided for gin employees.  The complainant occupied another of the apartments, with her children and husband, who also was a gin employee.  The complainant testified she did not know appellant or associate with him, but was aware he was a gin employee and lived in the apartments.  Appellant also had whistled at her, and said what she described as "sick words" to her.  She gave "hey, pretty girl," and "hey, sexy girl," as examples.  She paid him no attention.

The apartments had a laundry room.  One evening, during her husband's shift, the complainant took laundry to the laundry room.  When she came back to remove her laundry from the dryer, appellant was in the laundry room.  He attempted to engage her in conversation, coming up close behind her.  She smelled alcohol and concluded he was drunk.  She pushed him away.  As she tried to leave the room with her laundry, he closed and blocked the door.  He then "started grabbing on [her]."  As she struggled to get away from him, appellant "grabbed" at her shirt and the "pajama pants" she was wearing.  He had his hands on her chest, gripping her breasts, and tried to pull her pants down, pulling them down "a little bit" on one side.  She screamed and he let her leave the room.  After she left the room, the complainant turned to see if appellant was

---

[1] *See* Tex. Penal Code Ann. § 22.011(A)(1) (West 2010).

following her. She told the jury he was "standing outside the laundry room with his private part out swinging it saying he would be waiting for me." She returned to her apartment, watched from the window until she was sure appellant had gone inside his apartment, and went to tell her husband of the attack.

An officer testified he was dispatched to investigate, and found the complainant shaken, her shirt torn, with visible injuries to her chest, and a red handprint on her arm. She picked appellant's photograph from a photographic line-up. She also identified appellant at trial. Photographs in evidence showed her torn shirt and showed scratches on her chest.

After the jury heard the evidence, it convicted appellant as charged. Punishment was assessed by the trial court at two years of imprisonment. This appeal followed.

Analysis

Through one issue, appellant challenges the sufficiency of the evidence supporting his conviction. We evaluate the sufficiency of evidence presented in proof of a criminal conviction under the standard set out by the United States Supreme Court in *Jackson v. Virginia*, 443 US. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1970); *see also Brooks v. State,* 323 S.W.3d 893, 895 (Tex.Crim.App. 2010). Under this standard, we defer to "the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Jackson,* 443 U.S. at 319; *Brooks,* 323 S.W.3d at 894, 899, 916. Considering all the evidence in the light most favorable to the verdict, we determine whether the jury

was rationally justified in finding guilt beyond a reasonable doubt. *Jackson*, 443 U.S. at 319; *Brooks*, 323 S.W.3d at 899.

As pertinent here, a person commits the offense of sexual assault of an adult when he intentionally or knowingly causes the penetration of the sexual organ of another person by any means, without that person's consent. Tex. Penal Code Ann. § 22.011(a)(1)(A) (West 2010). Also as pertinent here, a sexual assault is without the consent of the other person if the actor compels the other person to submit or participate by the use of physical force or violence. Tex. Penal Code Ann. § 22.011(b)(1) (West 2010).

A person commits criminal attempt if, with specific intent to commit an offense, he does an act amounting to more than mere preparation that tends but fails to effect the commission of the offense intended. Tex. Penal Code Ann. § 15.01(a) (West 2010). Courts have said that "with specific intent to commit an offense" means that the accused must intend to engage in the conduct or bring about the desired result. *Giddings v. State,* 816 S.W.2d 538, 540 (Tex.App.—Dallas 1991, writ ref'd); *Walker v. State,* No. 08-10-00317-CR, 2012 Tex.App. LEXIS 200, at * 9 (Tex.App.—El Paso Jan. 11, 2012) (mem. op., not designated for publication); *Correas v. State,* No. 05-08-00101-CR, 2009 Tex.App. LEXIS 4006, at * 7 (Tex.App.—Dallas May 29, 2009, pet. ref'd) (mem. op., not designated for publication).  A person acts intentionally "when it is his conscious objective or desire to engage in conduct or produce a result."  Tex. Penal Code Ann. § 6.03(a) (West 2010).

4

Appellant's challenge to the sufficiency of the evidence presented against him focuses on that showing his intent to engage in nonconsensual sexual intercourse with the complainant, that is, to bring about the penetration of her sexual organ with his penis. Appellant points to the absence of evidence he ever expressed an intention to perform a sexual act with her. She testified appellant grabbed and pulled at her, scratched her and tore her clothing but stopped when she screamed. Appellant also argues the fact he approached her in a public place indicates he did not intend to sexually assault her.

Appellant compares the evidence here with that in *Chen v. State,* 42 S.W.3d 926 (Tex.Crim.App. 2001), in which the defendant indicated an intention to engage in sexual activity with a minor by the language of his emails, and by the condoms and lubricating jelly he brought to his anticipated meeting with the minor. *Id.* at 927-28. But the issue in *Chen* was not the defendant's specific intent to commit sexual performance by a child. The defendant admitted his intention to engage in sexual conduct with the minor. *Id.* at 928. Chen contended it was legally impossible for him to carry out his intention because the person he planned to meet did not exist; he unknowingly had been exchanging emails with an undercover officer. *Id.*

The State argues appellant's contention gives too little weight to the case law recognizing that individuals who participate in criminal activity most often do not articulate their unlawful intent, so the intent of the accused is not ordinarily determined by direct proof but inferred from circumstantial evidence. We agree. The law permits juries to infer a person's intent from his acts, words or conduct, taking into account the circumstances surrounding the acts in which the accused engages. *Patrick v. State,*

5

906 S.W.2d 481, 487 (Tex.Crim.App. 1995); *Sholars v. State,* 312 S.W.3d 694, 703 (Tex.App.—Houston [14th Dist.] 2009, pet. ref'd).

The jury well could have seen the whistles and cat calls appellant directed toward the complainant as evidence of his romantic interest in her, and his closing the door of the laundry room, initiating physical contact with her, forcefully grabbing her breasts, and attempting to pull down her pants, while telling her she was "pretty," as an attempt to sexually assault her. That his intention further involved penile penetration was sufficiently demonstrated by his exhibition of his penis to the complainant with the words he would be waiting for her.

Appellant seeks to avoid the damaging effect of the evidence he exposed his penis by arguing, in effect, the exposure was too far removed from the other events to be probative of his intent during their encounter in the laundry room. His effort fails. The complainant testified without objection to his act of exposure and his words.[2] We see no reason her statement that appellant was standing outside the laundry room when he exposed himself as she walked away should remove the events from the jury's consideration. The weight to be given the testimony was a matter for the jury's determination. *Johnson v. State*, 23 S.W.3d 1, 14 (Tex.Crim.App. 2000).

---

[2] We agree also with the State that if appellant's complaint actually is that the evidence concerning exposure of his penis and his statement to the complainant was improperly admitted, such a complaint is misplaced in a sufficiency review because even improperly admitted evidence is considered in determining whether the evidence is sufficient to support a conviction. *Moff v. State,* 131 S.W.3d 485, 488 (Tex.Crim.App. 2004); *Johnson v. State*, 967 S.W.2d 410, 411 (Tex.Crim.App. 1998); *see also Lockhart v. Nelson*, 488 U.S. 33, 41-42, 109 S. Ct. 285, 102 L. Ed. 2d 265 (1988).

Viewing the evidence in a light most favorable to the jury's verdict, we find it permitted rational jurors to conclude appellant's actions were taken with the specific intent to engage in penile intercourse with the complainant without her consent, and find the evidence therefore sufficient to support his conviction. His appellate issue is overruled.

Lastly, we note the judgment includes an order that appellant pay $1771.75 in court-appointed attorney's fees. Because the record does not show appellant is financially capable of paying attorney's fees, the trial court erred in ordering reimbursement in the judgment. *Mayer v. State,* 309 S.W.3d 552, 556-57 (Tex.Crim.App. 2010). Accordingly, we modify the judgment to delete any obligation to pay attorney's fees in the amount of $1771.75 and, as modified, affirm it.

James T. Campbell
Justice

Do not publish.