COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



HAROLD VAUGHN,

     Appellant,

v.

THE STATE OF TEXAS,

     Appellee.

No. 08-11-00036-CR

Appeal from the

371st District Court

of Tarrant County, Texas

(TC# 1186711D)

## **O P I N I O N**

Appellant appeals his conviction for aggravated robbery with a deadly weapon.  We affirm.[1]

### **BACKGROUND**

After Brooklyn Baker and Ashley Darden had closed and locked the store at which they worked in Fort Worth, three men with guns directed them to unlock the store and turn off the store's alarm system, and then directed Ashley to unlock the store's safe.  The store had both an internal safe and an external safe.  Ashley explained to the men that it would take longer to open the internal safe due to its timers.  After she quickly opened the external safe, one of the men bagged up the cash found within it.  Ashley was then directed to open the internal safe.

---

[1] As this case was transferred from our sister court in Fort Worth, we decide it in accordance with the precedent of that court. TEX. R. APP. P. 41.3.

During this time, Brooklyn was able to see the robbers' faces. When the robbers noticed Brooklyn was watching them, one of the men forced her to the floor, cocked his gun over her head, and told Ashley that he would shoot Brooklyn if Ashley did not open the safe. The store's phone then rang and the robbers directed Ashley to answer the telephone. When Ashley answered the phone, it was silent. After Brooklyn heard sirens, one of the robbers told the other two robbers to leave. The three robbers then left through the store's back door.

After the security system at the store had been disarmed, personnel at the store's security monitoring service began monitoring the store's cameras, relayed information to police, and officers were dispatched to the store. After hearing the dispatch regarding an armed robbery, Officer Domingo Martinez was the first officer to arrive at the store. While alone in his vehicle, Officer Martinez waited for other officers to arrive and testified that he expected to see three armed individuals. Officer Martinez heard a "latch sound" and a door slam, and then observed three individuals in dark clothing emerge from the back of the store. After Officer Martinez shouted, "Stop, police!," the three individuals ran away and two of them climbed a fence. At the fence, Officer Martinez encountered the third individual, who was wearing a hooded sweatshirt bearing a design and instructed him to get on the ground. In open court, Officer Domingo Martinez identified Appellant as the third individual who he encountered at the fence. Officer Martinez also identified Appellant as being present in a photograph admitted into evidence during trial. The photograph, which was taken at the scene and admitted into evidence, shows Appellant seated on the ground near the fence wearing a hooded jacket bearing a repeated pattern, dark pants, and white shoes. Another photograph of the area shows U.S. currency inside a white plastic bag bearing the name of the store that had been robbed and a handgun on the ground in close proximity

2

to the fence.

Over counsel's hearsay and confrontation clause objections, a security recording containing video and still images of the store after the store's alarm had been disarmed was admitted into evidence and published to the jury. Images of the individuals who entered the store were included in the still images, which were taken from the security system's recording.

At trial, Ashley did not make an in-court identification of Appellant, and explained that she could only provide a physical description of the three men. During voir dire examination, Brooklyn first noted that she was unable to make an in-court identification of any of the robbers and, in a subsequent voir dire examination, she identified Appellant as being present during the robbery. The trial court sustained defense counsel's objection to permitting Brooklyn to testify regarding identity.

After the trial court overruled Appellant's hearsay and confrontation clause objections, Officer B.K. McHorse testified that during a show up, clerk Brooklyn Baker identified Appellant as one of the individuals who had entered the store. Officer McHorse explained that at both the time of Appellant's arrest and during the show up, Appellant was wearing the same clothes, which included a "hoody." Brooklyn testified that she was interviewed by Officer McHorse, told him about the robbery, described the robbers and their clothing, and, during the show up, recognized the robber who was wearing a "hoody" and black pants.

Crime Scene Officer Timothy Lee collected Appellant's clothing from him at the jail where he was being held. Among the clothing that Officer Lee collected from Appellant were black pants, white tennis shoes, and a sweat jacket with a distinctive pattern across the front.

The jury found Appellant guilty of both counts in the indictment. During the punishment

3

phase of trial, Appellant pleaded true to a repeat offender notice and the conviction was published to the jury.   After hearing punishment and mitigation-of-punishment evidence, the jury sentenced Appellant to thirty years' confinement on each count.

## DISCUSSION

In a single issue, Appellant challenges the sufficiency of the evidence to support a finding of the identity element of the offense of aggravated robbery with a deadly weapon because the store's employees, Ashley and Brooklyn, did not identify Appellant as one of the robbers.   TEX. PENAL CODE ANN. §§ 29.02(a)(2), 29.03(a)(2) (West 2011) (a person commits aggravated robbery if in the course of committing theft and with intent to obtain or maintain control of property, the person intentionally or knowingly threatens or places another in fear of imminent bodily injury or death and uses or exhibits a deadly weapon).   After a thorough review of all the evidence, we disagree.

### *Standard of Review*

Identity is an element of aggravated robbery that must be proved.   *See Greene v. State*, 124 S.W.3d 789, 792 (Tex.App. – Houston [1st Dist.] 2003, pet. ref'd).   In conducting a sufficiency-of-the-evidence review, we review "the evidence in the light most favorable to the prosecution" and determine whether "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."   *Jackson v. Virginia,* 443 U.S. 307, 318–19, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Wise v. State*, 364 S.W.3d 900, 903 (Tex.Crim.App. 2012). This standard gives full play to the responsibility of the trier of fact in resolving conflicts in testimony, weighing the evidence, and drawing reasonable inferences from basic to ultimate facts. *Jackson,* 443 U.S. at 318–19; *Blackman v. State*, 350 S.W.3d 588, 595 (Tex.Crim.App. 2011).

4

The trier of fact is the sole judge of the weight and credibility of the evidence. *Wise*, 364 S.W.3d at 903. Thus, we do not resolve any conflicts of fact or reevaluate the weight and credibility of the evidence, or substitute our judgment for that of the fact finder. *Isassi v. State*, 330 S.W.3d 633, 638 (Tex.Crim.App. 2010); *King v. State,* 29 S.W.3d 556, 562 (Tex.Crim.App. 2000). Rather, our role is limited to determining whether the necessary inferences are reasonable based upon the cumulative force of the evidence when viewed in the light most favorable to the verdict. *Sorrells v. State*, 343 S.W.3d 152, 155 (Tex.Crim.App. 2011). As such, if the record supports conflicting inferences, we presume that the fact finder resolved any inconsistencies in favor of the verdict and defer to that resolution. *Clayton v. State,* 235 S.W.3d 772, 778 (Tex.Crim.App. 2007); *Moff v. State*, 131 S.W.3d 485, 489-90 (Tex.Crim.App. 2004). The same standard of review is applicable for both direct and circumstantial evidence cases. *Geesa v. State,* 820 S.W.2d 154, 158 (Tex.Crim.App. 1991), *overruled on other grounds, Paulson v. State,* 28 S.W.3d 570 (Tex.Crim.App. 2000).

*Application*

Brooklyn testified that the three robbers left through the store's back door. Officer Martinez observed three individuals exiting the back of the store and encountered Appellant at the fence near a gun and a bag, which bore the store's logo and contained money. During trial, Officer Martinez identified Appellant as the person he saw and apprehended at the fence. The jury also had before it photographic and video evidence as well as testimony regarding Appellant's clothing at the time of his arrest, during the show up, and its collection from him at the jail.

From our review of all the evidence, we conclude that the jury's necessary inferences are reasonable based upon the cumulative force of the evidence when viewed in the light most

favorable to the verdict and defer to that resolution. *See Sorrells*, 343 S.W.3d at 155; *Clayton*, 235 S.W.3d at 778); *Moff*, 131 S.W.3d at 489-90. As the evidence is sufficient to support the jury's finding of Appellant's identity, Appellant's issue is overruled.

## CONCLUSION

The trial court's judgment is affirmed.


GUADALUPE RIVERA, Justice

March 13, 2013

Before McClure, C.J., Rivera, and Antcliff, JJ.
Antcliff, J., not participating

(Do Not Publish)

6