

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-13-00098-CR

MARIA ROSARIO, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the County Court at Law No. 1
Lubbock County, Texas
Trial Court No. 2011-466,223, Honorable Mark Hocker, Presiding

March 6, 2014

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Appellant Maria Rosario appeals from her jury conviction of the offense of criminal mischief and the resulting sentence of confinement for 45 days. Her sentence was probated and she was placed on community supervision for 180 days. Rosario challenges her conviction through two appellate issues. We will affirm.

Background

The criminal mischief charge was based on damage Rosario caused to the vehicle of her ex-husband Martin Martinez-Morales. They were divorced in 2007. In April 2011, Martinez-Morales drove to Rosario's house to pick up their daughter. Rosario came outside to speak with him. He did not want to engage in the discussion. Rosario became upset and broke both the passenger's and driver's side mirrors on his car.

Rosario was charged by information with the Class B Misdemeanor of Criminal Mischief.[1] On her not-guilty plea, the case was tried to a jury, which found Rosario guilty as charged in the information. Punishment was assessed as noted and this appeal followed.

Analysis

Rosario brings two issues on appeal. The first challenges the trial court's refusal to include in the charge to the jury a mistake-of-fact instruction. The second challenges the sufficiency of the evidence to support her conviction for criminal mischief.

Sufficiency of the Evidence

We will address Rosario's second issue first. In evaluating a sufficiency challenge, we view the evidence in the light most favorable to the verdict in order to determine whether any rational fact finder could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 318-19, 99

---

[1] TEX. PENAL CODE ANN. § 28.03(a)(1) (West 2011).

S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Moff v. State*, 131 S.W.3d 485, 488 (Tex. Crim. App. 2004); *Weightman v. State*, 975 S.W.2d 621, 624 (Tex. Crim. App. 1998). In implementing the *Jackson* sufficiency of the evidence standard, we are required to consider all evidence which the jury was permitted, whether rightly or wrongly, to consider, and the reviewing court is required to defer to the jury's credibility and weight determinations. *Brooks v. State,* 323 S.W.3d 893, 899 (Tex. Crim. App. 2010).

A person commits criminal mischief when she intentionally or knowingly damages or destroys tangible property without the effective consent of the owner. TEX. PENAL CODE ANN. § 28.03(a)(1) (West 2011). The amount of pecuniary loss suffered by an owner determines the degree of the offense. TEX. PENAL CODE ANN. § 28.03(b) (West 2011). The information alleged Rosario intentionally or knowingly damaged or destroyed the vehicle without the effective consent of Martinez-Morales, its owner.

Rosario does not dispute that she intentionally or knowingly damaged the mirrors on the vehicle or that she did so without her ex-husband's consent. Rather, she contends that some evidence showed she was a co-owner of the vehicle. Because, she asserts, criminal mischief implicitly prohibits only damage to the tangible property of another person, she could not have committed that offense. To support her contention, she produced, without objection, a copy of a Certificate of Title to the vehicle, bearing both her name and that of her ex-husband, dated in 2008.

Martinez-Morales testified he was awarded the sole right of ownership of the vehicle by the 2007 divorce decree, that he had completed the payments on it, paid for insurance on it, kept the vehicle, and exclusively drove and used it. He testified Rosario

3

did not possess, use, pay for or insure the vehicle. The divorce decree was entered into evidence at trial.

Rosario's contention contains a faulty underlying premise. Her argument is based on the notion that she, as a co-owner of the vehicle, could not commit criminal mischief by damaging it. The notion is incorrect. Section 28.05 of the Penal Code reads, "It is no defense to prosecution under this chapter that the actor has an interest in the property damaged or destroyed if another person also has an interest that the actor is not entitled to infringe." TEX. PENAL CODE ANN. § 28.05 (West 2012).

Even under Rosario's theory of the evidence, her ex-husband indisputably had an interest in the vehicle, and we see no basis for a suggestion his interest was one she was "entitled to infringe." By the plain language of section 28.05, Rosario's asserted ownership interest in the vehicle did not provide a defense to her prosecution. *See Tackett v. State,* No. 05-02-01338-CR, 2003 Tex. App. LEXIS 3760, at *4-6 (Tex. App.—Dallas May 1, 2003, no pet.) (mem. op., not designated for publication) (so holding on very similar facts).

By the Penal Code's definition, an "owner" of property includes a person who "has title to the property, possession of the property, whether lawful or not, or a greater right to possession of the property than the actor." TEX. PENAL CODE ANN. § 1.07(a)(35)(A) (West 2003). The trial court's charge also defined "owner" to include all three of those definitions. "Possession" means actual care, custody, control, or management. TEX. PENAL CODE ANN. § 1.07(a)(39) (West 2003).

4

Martinez-Morales's testimony and the divorce decree provide evidence by which the jury rationally could have determined that he was owner of the vehicle, under any of the three quoted definitions; that is, that he had title, possession or a greater right to possession than Rosario, the actor. The evidence, viewed in the light most favorable to the judgment, thus supports the jury's finding that Rosario's conduct was without the effective consent of the owner. *See, e.g., Barstow v. State,* No. 03-10-00142-CR, 2011 Tex.App. LEXIS 3236, at *17 (Tex. App.—Austin April 27, 2011, no pet.) (mem. op., not designated for publication) (applying statutory definition of "owner"). Rosario's asserted evidence of co-ownership does not defeat the State's proof her ex-husband met the statutory definition of owner of the vehicle. Finding the evidence is sufficient to support Rosario's conviction, we overrule her second issue.

Requested Jury Instruction

During the charge conference, Rosario requested that the court include in the charge a mistake-of-fact instruction.[2] The court denied her request. By her first issue, Rosario contends the trial court's denial of her request was error.

---

[2] Rosario's requested instruction read:

Mistake of Fact

1. You are instructed that it is a defense to prosecution that an individual, through mistake, formed a reasonable belief about a matter of fact, if her mistaken belief negated the kind of culpability required for commission of the offense.

2. A reasonable belief means a belief that would be held by an ordinary and prudent individual in the same circumstances as the defendant.

3. Now, if you find from the evidence in this case that when the defendant, MARIA ROSARIO, intentionally or knowingly damaged or destroyed the tangible property

5

Generally, a defendant is entitled to submission of an affirmative defensive instruction on every issue raised by the evidence even if the trial court thinks that the testimony could not be believed. *See Chavers v. State,* 991 S.W.2d 457, 459 (Tex. App.—Houston [1st Dist.] 1999, pet. ref'd). The State argues that from Penal Code section 28.05 it "follows inexorably that she had no right to a jury instruction authorizing a defense that was precluded as a matter of law. That is, her "purported (but unestablished) belief in her purported co-ownership of the vehicle would not have negated her culpability for the offense." We agree that the evidence did not raise a defensive issue authorizing Rosario's requested instruction. The requested instruction merely would have supported a defense the statute precludes. *See Tackett,* 2003 Tex. App. LEXIS 3760, at \*4-6. The trial court did not err by refusing to include the requested instruction in the charge to the jury. We overrule Rosario's first issue.

Having resolved each of Rosario's issues against her, we affirm the judgment of the trial court.

James T. Campbell
Justice

Do not publish.

---

of Martin Martinez-Morales, the owner thereof, to-wit: an automobile, by breaking the side mirrors of said automobile, she acted under a mistake of fact, that is, a reasonable belief that MARIA ROSARIO also had an ownership interest in the automobile that was damaged, or if you have a reasonable doubt thereof, then you will find the defendant "Not Guilty."